In Re: Appeal of Ralph Girolamo. Ralph Girolamo, Appellant.

160

Argued October 1, 1979, before Judges Crumlish,
Jr., Wilkinson, Jr. and MacPhail, sitting as a panel
of three.

*William F. Fox, Jr.,* of *Fox, Differ, Callahan, Ulrich & O'Hara,* for appellant.

*Michael P. McIntyre,* of *Majczan, Heidecker & McIntyre,* with him *Daniel McCarthy,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, January 31, 1980:

In 1971, Ralph Girolamo (Appellant) and his wife purchased a three story building at 502 North Ninth Street, Allentown, Pennsylvania from Mr. Girolamo's parents. In the building was a grocery store on the ground floor operated by Mr. Girolamo's parents and four apartment units, one of which was on the ground floor in the rear of the store. Since the building was located in a Medium High Residential District, the grocery store operation was a non-conforming use under the provisions of the Zoning Code of the City of Allentown.

On September 1, 1975, Appellant and his wife purchased the store business from Appellant's parents. At that time the store was operated basically as a grocery store, specializing in Italian imported foods. Occasionally, customers would ask Appellant to make sandwiches for them. These were usually, but not always, eaten off the premises. In addition, customers purchased soft drinks in containers to consume with their sandwiches.

In April of 1976, Appellant applied to the zoning officer for a permit to "convert First Floor rear apartment into additional STORE (sic) area." The application was refused by the zoning officer. Appellant appealed to the Zoning Hearing Board (Board). No one testified at the hearing before the Board except Appellant who was not represented by counsel.[1] At the hearing, Appellant told the Board that he intended to use the first floor apartment area to make and serve hot and cold sandwiches, beverages and pizza to customers who could sit at tables or on benches. The Board found that Appellant's proposed use was to provide additional store area for the preparation and consumption of food on the premises and for take-out service and that such use would not be detrimental

---

[1] No objectors appeared.

to nor tend to alter the character of the neighborhood. Accordingly, on June 10, 1976, the Board granted the permit as an expansion of a non-conforming use.

Appellant proceeded immediately to make renovations costing in excess of $7,000.00 and on August 12, 1976 opened the "Little Italy Pizzeria Restaurant."

On September 2, 1976, one Michael Fekety, owner of the "M & M Bar," located on the same side of Ninth Street as Appellant's premises but on the opposite side of Liberty Street which runs between the two establishments, filed a zoning appeal notice with the Court of Common Pleas of Lehigh County. Appellant moved to quash the appeal because it was not filed within thirty days of the Board's action as required by the Zoning Code of the City of Allentown. After hearing argument, the trial court denied the motion to quash and allowed the appeal.

Without taking additional testimony, the trial court on April 27, 1977 reversed the Board and revoked Appellant's zoning permit holding that the Appellant's use of the former apartment area was an additional and *new* non-conforming use, not an expansion of the non-conforming use of the premises as a retail store.

Appellant filed with the trial court a notice of appeal to this Court, a petition to intervene in the proceedings, and a petition for rehearing. After hearing argument on the petition to intervene and for rehearing, the court granted the petition to intervene and ordered that "further hearing on this matter may be initiated upon praecipe of either party." A praecipe for hearing was duly filed and the Court agreed to hear "anything" counsel wanted to offer.

On May 17, 1978, after hearing argument on the matters raised at the hearing, the trial court filed another opinion and order affirming its previous order of April 27, 1977 and held that (1) Fekety's appeal

was timely because the notice to him of the Board's hearing was tantamount to fraud and (2) Appellant acquired no vested rights in the zoning permit granted to him by the Board.

This appeal followed. We affirm.

Appellant has limited his appeal to us to the two issues resolved by the trial court's opinion and order of May 17, 1978. Where the trial court hears additional evidence, our scope of review is limited to a determination of whether the lower court committed an error of law or abused its discretion. *Borough of Baldwin v. Bench*, 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974).

There is no dispute that Fekety's appeal from the Board's decision was not made within the thirty days allowed for filing.[2] There is no dispute that the notice of the Board's hearing sent to Fekety advised that Appellant was seeking a "variance to convert the first floor rear apartment into additional STORE (sic) area . . . being an expansion of a non-conforming use." Finally, there is no dispute that at all material times prior to filing his application for a zoning permit, Appellant intended to convert the first floor apartment into an area where he could make and serve sandwiches, soft drinks and pizza. Fekety argues that since he was never advised of the true nature of Appellant's proposed use of the first floor apartment conversion, the notice of the Board's hearing was mis-

---

[2] The limitation on the time for appeal is governed by Section 1007 of the Pennsylvania Municipalities Planning Code (Code), Act of June 1, 1972, P.L. 333, *as amended*, 53 P.S. §11007.

That part of Section 1007 of the Municipalities Planning Code, 53 P.S. §11007, which refers to a thirty day time limit for filing an appeal from the decision of a zoning hearing board was repealed by Section 2(a) [1421] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1421]. A similar provision now may be found in Section 5571(b) of the Judicial Code, 42 Pa. C.S. §5571(b).

leading and fraudulent. Fekety testified that he did not know what was going on until the restaurant actually opened on August 12, 1976.

The first question before us is whether the trial court was correct in finding on these facts that Fekety's late filing was induced by fraud or events tantamount to fraud. The general rule is that courts have no power to extend the period for taking appeals absent fraud or its equivalent, *Dixon Estate*, 443 Pa. 303, 279 A.2d 39 (1971), or some breakdown in the court's operation, *West Penn Power Company v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). In *MacKanick v. Rubin*, 244 Pa. Superior Ct. 467, 368 A.2d 815 (1976), *Klugman v. Gimbel Bros., Inc.*, 198 Pa. Superior Ct. 268, 182 A.2d 223 (1962), and *VonKaenel Unemployment Case*, 163 Pa. Superior Ct. 173, 60 A.2d 586 (1948), our Superior Court held that the "equivalent of fraud" means the ignorant, negligent or wrongful acts of a court or administrative official which misled an aggrieved party to his detriment. We have found no appellate cases applying the "fraud or its equivalent" rule to appeals under the Code, but we hold that the decisional law we have cited does apply to such cases.

In contrast to the thirty day mandatory appeal period for appeals from the Board to the court, Section 915 of the Code, 53 P.S. §10915, allows appeals *to* the Board beyond the thirty day period if the Appellant alleges and proves that he had no notice, knowledge or reason to believe that the Board had approved development plans. *See Calabrese v. Zoning Board of Adjustment*, 5 Pa. Commonwealth Ct. 444, 291 A.2d 326 (1972).

Applying the law to the facts of the instant case, we observe that the notice Fekety received concerning Appellant's appeal to the Board mentioned only "additional store area" and from that information the

Board prepared its notice to all interested parties of which Fekety was one. Under such circumstances, we certainly cannot conclude that the actions of the Board or any of its officials were negligent, wrongful or ignorant when it described the nature of the Appellant's appeal in the same terms Appellant, himself, had used. However, in view of Appellant's sworn testimony that he intended to use the premises to make and serve hot and cold sandwiches, beverages and pizza, there can be little doubt that the information set forth in his application for the permit was, at the very least, misleading. The question is, was it "tantamount to fraud"? Where one intends to renovate a business premises in such a manner as to possibly compete with an adjacent business and fails to set forth explicitly what is to be done with the premises, the element of fraud begins to surface. Although Appellant argues with considerable vigor that his application to the Board was completed by or under the direction of the zoning officer, the fact remains that Appellant knew or should have known that the information set forth on the application was not truly representative of what he actually intended to do with his premises. We affirm the trial court's conclusion that what occurred was tantamount to fraud.

There can be no doubt that at least by August 12, 1976, Fekety knew exactly what Appellant intended to do. Indeed, in view of his proximity to the premises and the advertising by Appellant concerning the opening of the restaurant, it taxes our credulity somewhat to believe that Fekety did not know or have constructive knowledge of the restaurant activity *before* it antually opened. However, the trial court found specifically that Fekety did not have such knowledge until August 12, 1977 and since there is substantial evidence in the form of Fekety's own testimony to support that finding, we will not disturb it. Even when Fekety did

learn about the restaurant, however, his appeal was not filed until twenty-one days later. The trial court citing *Calabrese v. Zoning Board of Adjustment, supra,* held that since Fekety acted within thirty days of receiving actual or constructive notice, his appeal should be allowed. As we have previously noted, the situation in the *Calabrese* case was specifically authorized by statutory language in the Code. That is not the situation here and for that reason, our decision in *Calabrese* does not control.

Even where fraud is present, a late appeal must be filed within a reasonable time after the fraud is discovered. While we refrain from adopting the trial court's view that an appeal filed within thirty days of actual or constructive knowledge is timely, we do hold that the appeal in the instant case was filed within a reasonable time.

On the issue of vested rights, this Court has held that before the holder of a zoning permit acquires vested rights, five requirements must conjoin. *Department of Environmental Resources v. Flynn,* 21 Pa. Commonwealth Ct. 264, 344 A.2d 720 (1975). Included among those requirements are due diligence in attempting to comply with the law and good faith throughout the proceedings. Since we have previously held in this opinion that Appellant's representations on his application for a zoning permit were tantamount to fraud, we can hardly conclude for the purpose of determining whether Appellant had vested rights that he used due diligence to comply with the law and exercised good faith throughout the proceedings.

Order affirmed.

ORDER

AND Now, this 31st day of January, 1980, the order of the Lehigh County Court of Common Pleas dated May 18, 1978 is affirmed.

Judge DiSalle did not participate in the decision in this case.