## Ecott v. Warrington Township

*Richard S. Hoffman,* for appellant.
*Edward D. Foy, Jr.,* for defendant.

GARB, *J.*, April 20, 1981—Appellant has appealed from the decision of the Board of Supervisors of Warrington Township whereby he was honorably discharged as a police officer. Defendant has filed preliminary objections essentially raising a question of jurisdiction asserting that the appeal was filed beyond the permissible time. The matter is before us for decision upon defendant's praecipe filed under B.C.R.C.P.*266.

Regardless of whether preliminary objections constitute a viable procedural vehicle in this situation, we will, in any event, treat it as in the nature of a motion to strike the appeal on jurisdictional grounds.

The petition for appeal asserts that appellant was employed by defendant in the capacity of a police officer for many years prior to May 7, 1980 on which date he was discharged by the township board of supervisors. It is alleged that by letter dated April 28, 1980 appellant was advised by the Chief of Police that the Chief was recommending to the Board of Supervisors that appellant be reduced from his then rank of sergeant to that of corporal with special duties and responsibilities. Appellant requested and received a public hearing considering the aforesaid recommendation before the Board of Supervisors on May 7, 1980 at the conclusion of which the Board of Supervisors discharged appellant from the police force. On May 8, 1980 a confirmation of that action was made in writing by letter directed to appellant. This appeal was filed on June 12, 1980.

The appeal was taken pursuant to the provisions of the Act of June 15, 1951, P.L. 586, sec. 5, 53 P.S. §815. This section provides that a suspended or dismissed police officer shall have the right to appeal to the court of common pleas of the county in

which he was employed. No reference is made in this Act of Assembly regarding the time when such appeal must be taken.

Section 752 of the Local Agency Law, 2 Pa.C.S.A. §752, provides that any person aggrieved by an adjudication of a local agency shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). Section 5571 of the Judicial Code, 42 Pa.C.S.A. §5571, provides that an appeal from a tribunal or other governmental unit to a court shall be commenced within 30 days after the entry of the order from which the appeal is taken. Section 5572 of the Judicial Code provides that the date of service of an order of a governmental unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for purposes of this sub-chapter. Therefore, and aside from the fact that appellant was present on May 7, 1980 when the Board of Supervisors took its action of dismissing him, at the very least, the date of the entry of the order from which this appeal is taken is May 8, 1980, the date on which the letter of confirmation of the action of the board was dispatched to appellant. By not counting May 8, the 30th day thereafter would be June 7, 1980. June 7 being a Saturday we therefore would not count either that day or the 8th but rather, June 9 then becomes the 30th day. As noted, this appeal was filed on June 12, 1980. That being beyond the time during which such appeal can be taken, this court has no jurisdiction and no power to extend the period for which appeals can be taken absent fraud or its equivalent or some breakdown in the court's operation: In Re: Appeal of Girolamo, 49 Pa. Commonwealth Ct. 159, 410 A. 2d

940 (1980). There is neither fraud or its equivalent nor any breakdown in the court's operation apparent on this record. Therefore, the motion to strike the appeal must be granted.

## ORDER

And now, April 20, 1981, it is hereby ordered, directed and decreed that the within appeal is stricken.