32

Appeal of William Farrell From Decision of Worcester Township Zoning Hearing Board. William Farrell, Appellant.

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Norman P. Zarwin,* with him *Charles L. Tannenbaum, Zarwin & Baum, P.C.,* for appellant.

*Jerome B. Nulty, Clemens, Nulty and Gifford,* for appellee.

OPINION BY JUDGE MACPHAIL, September 13, 1982:

William Farrell (Appellant) has appealed from an order of the Court of Common Pleas of Montgomery County which dismissed his appeal from a decision of the Worcester Township Zoning Hearing Board (Board) as untimely filed.

The subject of the zoning appeal in the court of common pleas was an order issued by the Board on November 25, 1980 which denied Appellant's application for a use permit.[1] Appellant's appeal from the Board's decision is time-stamped as having been received by the prothonotary on December 29, 1980. The parties agreed before the common pleas court that the last day on which the appeal could have been timely filed was Friday, December 26. Thus, the court found the appeal to be untimely and, accordingly, ordered that the case be dismissed. The common pleas court rejected Appellant's contention that his appeal was received by the prothonotary on or before December 26, but was time-stamped subsequent to its receipt due to an office slowdown over the Christmas holiday.

---

[1] The permit, if granted, would have allowed Appellant to rent trailers, vans and trucks from a gasoline station which he owns and operates.

In the instant appeal, Appellant argues that the court of common pleas erred in finding his appeal to be untimely. Appellant contends that the date affixed by the prothonotary to his appeal notice is not conclusive proof of the date of filing and that record evidence shows, *inter alia*, that the prothonotary's office had a backlog of papers to be time-stamped over the Christmas holiday, that the appeal was mailed to the prothonotary on December 22, and that the appeal should, therefore, be deemed to have been timely filed.

The time allowed for an appeal to the common pleas court in the case is governed by Section 5571(b) of the Judicial Code (Code), 42 Pa. C. S. §5571(b), which provides that:

> [A]n appeal from a tribunal or other government unit to a court ... must be commenced within 30 days after the entry of the order from which the appeal is taken....

Section 5572 of the Code, 42 Pa. C. S. §5572, establishes that the date on which the appeal period begins is the "date of service of an order of a government unit, which shall be the date of mailing if service is by mail." Although the parties apparently agreed before the common pleas court that the appeal period here ended on December 26, there is no indication in the record as to the date on which the board mailed its decision to Appellant. We note that Appellant stated in his brief filed with the common pleas court that "the date of mailing is unknown to Appellant." We have recently held that it is the Board's responsibility to provide notice to an applicant of the actual mailing date of its decision. *Hanna v. Zoning Board of Adjustment of Pittsburgh*, 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981). Absent evidence of the mailing date or other date of service, we are unable to determine when the appeal period commenced or if

the appeal was filed in an untimely manner. *See National Development Corp. v. Planning Commission of the Township of Harrison*, 64 Pa. Commonwealth Ct. 246, 439 A.2d 1308 (1982). While this lack of evidence might normally require a remand to determine when the appeal period commenced, *National Development Corp.*, we think a remand is unnecessary here since, even assuming that the Board's decision was mailed on the same date it was issued, November 25, 1980, we believe that the instant appeal must be deemed to have been timely filed.

Accepting November 25 as the date on which the appeal period commenced, the final date for timely filing of the subject appeal would have been Friday, December 26.[2] The law is clear that statutory appeal periods may not be extended in the absence of fraud or a breakdown in the court's operation. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). A delay in filing an appeal may be justified, however, under extraordinary circumstances involving a breakdown in judicial or administrative operations which results in injury to a party. *Shander Lounge, Inc. Liquor License Case*, 53 Pa. Commonwealth Ct. 468, 417 A.2d 1327 (1980).

We note that this case involves a deviation from the normal fact situation where an appellant claims entitlement, due to fraud or its equivalent, to pursue an appeal which has admittedly been filed beyond the appeal period. *See e.g., Girolamo Appeal*, 49 Pa. Commonwealth Ct. 159, 410 A.2d 940 (1980); *Del-*

---

[2] Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1908, provides that statutory time periods are to be calculated by excluding the first and including the last day of the period and by omitting any legal holiday which occurs on the last day of the appeal period. Since the thirtieth day of the appeal period here fell on December 25, a legal holiday, Appellant would have had until December 26 to file his appeal.

*mont Borough Annexation Case,* 2 Pa. Commonwealth
Ct. 496, 276 A.2d 549 (1971). Instead, Appellant here
claims that his appeal was *received* by the court in a
timely manner and only appears to be untimely
because it was time-stamped on a date subsequent to
its actual receipt by the prothonotary. We think that
the same type of analysis should be made under both
fact situations. Accordingly, it is Appellant's burden to
prove that the fraudulent, negligent or wrongful acts
of court or administrative officials require that his ap-
peal be deemed timely. *Cameron v. Unemployment
Compensation Board of Review,* 59 Pa. Com-
monwealth Ct. 567, 430 A.2d 396 (1981). Our scope
of review is to determine whether the common pleas
court abused its discretion or erred as a matter of law
when it dismissed the appeal. *Western Pennsylvania
Water Co. v. Board of Property Assessment Appeals
and Review, County of Allegheny,* 63 Pa. Com-
monwealth Ct. 472, 439 A.2d 1259 (1981).

In its opinion, the court of common pleas sets forth
Montgomery County Rule of Civil Procedure 1(a)
which provides that practice and procedure in the
court of common pleas involving appeals from local
agencies shall conform to the rules "relating to appeals
from administrative agencies of the Commonwealth."
Pertinent rules thus adopted by Montgomery County
appear at Chapter 15 of the Pennsylvania Rules of Ap-
pellate Procedure. Particularly relevant is Pa. R.A.P.
1514(a)[3] which provides, *inter alia,* that:

> The petition for review ... shall be filed with
> the prothonotary of the appellate court....
> Upon actual receipt of the petition for review

---

[3] The court of common pleas relied on Pa. R.A.P. 905(a) in its
opinion; however, that rule relates to appellate review of lower
court determinations, rather than administrative agency adjudica-
tions.

> *the prothonotary shall immediately stamp it*
> *with the date of actual receipt.* That date ...
> shall constitute the date when review was
> sought, which date shall be shown on the
> docket. (Emphasis added.)

Appellant argues that this rule was not complied with by court officials and that its violation constituted a breakdown in the court's operations. In support of this position, Appellant first presented deposition testimony by his counsel's secretary that she placed the appeal notice in an office building mailbox before noon on December 22, 1980.[4] Appellant also deposed the deputy prothonotary of Montgomery County who testified that there was a backlog of as much as two days mail which was not promptly date-stamped during the 1980 Christmas week. He also testified that the prothonotary's office operated with one-half of its normal staff on December 26 and that when he arrived at work on Monday, December 29 there was a large amount of unprocessed mail remaining from the last working day, December 26. Moreover, the deputy prothonotary testified, that it was probable that a portion of the mail remaining to be processed on December 29 was actually received in the office on December 24, the previous Wednesday.

In spite of this evidence the court of common pleas concluded that, "An office slowdown over the Christmas holiday does not rise to the level of

---

[4] The Board attempted to refute this testimony by introducing a postmarked envelope in which a copy of the notice of appeal was mailed to the Board's counsel. Both notices were apparently mailed at the same time. The Board's counsel argues that the envelope mailed to the Board was postmarked December 27 thus tending to show that the appeal notice to the court was also mailed after the appeal period ended. Since the common pleas court did not mention the envelope in its opinion and we find the postmark to be illegible, we must reject the Board's argument.

'breakdown' required in Pennsylvania to permit the judicial extension of a statutory time limit." We disagree. The prothonotary here is required by rule to *immediately* time stamp appeals filed with the court. Since there is proof both that the appeal was mailed well before the end of the appeal period and that an office slowdown resulted in the delayed time-stamping of a large amount of mail, we think Appellant has met his burden of showing a breakdown in the court's operations sufficient to prevent the dismissal of his appeal. Appellant should not be made to suffer as a result of the negligence of court officials. *See Purdy Estate*, 447 Pa. 439, 291 A.2d 93 (1972). Although there is a presumption of the regularity of the acts of public officials, *Cameron*, we conclude that Appellant has overcome that presumption in the instant case. We, accordingly, hold that Appellant's appeal must be deemed to have been timely filed.

The order of the court of common pleas is reversed and remanded for further proceedings consistent with this opinion.

## ORDER

It is ordered that the order of the Court of Common Pleas of Montgomery County, dated July 28, 1981, is reversed and the matter is remanded for further proceedings consistent with the foregoing opinion.