Thomas Carl Getz, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Game Commission, Respondent.

Argued February 1, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Paul R. Ober*, with him, *Randy A. Rabenold, Erickson, Ober & Ober*, for petitioner.

*Stuart M. Bliwas*, Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 5, 1984:

This appeal results from a determination of the respondent, the Pennsylvania Game Commission (Commission), dated July 7, 1983, which denied a request by petitioner, Thomas Carl Getz, for a hunting license revocation hearing, thereby affirming a June 3, 1983, order of the Commission suspending petitioner's hunting and trapping license for a three year period.

On December 31, 1982, petitioner was given a citation for assisting a neighbor in transporting three deer which had been taken out of season, in violation of Section 701 of the Pennsylvania Game Law, Act of June 3, 1937, P.L. 1225, *as amended*, 34 P.S. §1311.701. Petitioner signed an acknowledgement of guilt and paid a fine of $600.00.

By order dated June 3, 1983, petitioner was notified by the Commission that his hunting and trapping

license had been suspended for a three year period, effective September 1, 1983. The letter informed petitioner that he had thirty days to request a hearing. Petitioner's attorney requested a hearing on the revocation by a letter dated July 1, 1983. The Commission, however, did not receive the letter until July 7, 1983. The same day, the Commission notified petitioner's attorney by letter that the request was being denied because it had not been received by the Commission within the thirty day period. This appeal followed.

The Pennsylvania Code provides, *"Time of filing. A request for a hearing must be filed with the Director within 30 days following the issuance of the notice of adverse action or central office recommended resolution."* 58 Pa. Code §145.3(b). The General Rules of Administrative Practice and Procedure provide, "In computing any period of time involving the date of the issuance of an order by an agency, the day of issuance of an order shall be the day the office of the agency *mails or delivers* copies of the order to the parties. . . ." 1 Pa. Code §31.13(a) (emphasis added). Furthermore:

> Pleadings, submittals, or other documents required or permitted to be filed under this part, the regulations of the agency or any other provision of law must be received for filing at the office of the agency within the time limits, if any, for such filing. *The date of receipt at the office of the agency and not the date of deposit in the mails is determinative.*

1 Pa. Code §31.11 (emphasis added). As petitioner was notified of the license revocation by a letter which was posted June 3, 1983, petitioner's request for a hearing had to be received by the Commission on or before July 3, 1983.

The Pennsylvania Code further provides:
Except as otherwise provided by law, in computing any period of time prescribed or allowed by this part or by the regulations of the agency or any other provision of law, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is Saturday, Sunday, or a legal holiday in this Commonwealth, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor a holiday. A part-day holiday shall be considered as other days and not as a holiday. Intermediate Saturdays, Sundays, and holidays shall be included in the computation.

1 Pa. Code §31.12. As July 3, 1983 fell on a Sunday and the following day was a legal holiday, the time period for the filing of this request for a hearing was extended to July 5, 1983.

The instant request was received by the Commission on July 7, 1983. In *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975), the court held that a statutory appeal period may not be extended in the absence of showing either fraud or a breakdown in the court's operations. Appellant argues that *Appeal of Farrell,* 69 Pa. Commonwealth Ct. 32, 450 A.2d 266 (1982), compels the conclusion that a breakdown in judicial or administrative operations occurred in this case.

In *Farrell,* the appeal therein had to be filed by Friday, December 26, 1980; the appeal, however, was not time-stamped as having been received by the Montgomery County Prothonotary's Office until Monday, December 29, 1980. The appellant there showed that

the appeal had been mailed on December 22. Further, testimony of the Deputy Prothonotary was presented which showed that because of the Christmas holidays, a backlog of two days mail was waiting to be stamped and in all probability, mail that was stamped on December 29 had actually been received in the office on December 24. Based on the above, we held that the appellant had met his burden of proving a breakdown in the Court's operations which prevented the dismissal of this appeal as untimely. We believe, however, that *Farrell* is inapposite.

In this case, petitioner's attorney has submitted an affidavit stating he placed the request for a hearing in a mail box on July 1, 1983. The envelope, however, has a postmark of July 5, 1983. Petitioner attempts to prove a breakdown in the administrative process, of which the postal process is a part, by speculating that the operations of the postal service slowed down because of the upcoming three-day holiday weekend. Such speculation, however, is not sufficient to meet the requisite burden of proof which was sustained in *Farrell*. As petitioner has failed to meet this burden of proof, we are unable to extend the statutory period. The request for a hearing, therefore, was untimely.

Petitioner also claims that the three year revocation of his hunting license was an abuse of discretion by the Commission. Section 731(q)(II) of the Game Law sets the punishment for the instant offense as follows:

> Each deer, two hundred dollars ($200) during any deer season; at any time, for the first offense, two hundred dollars ($200) and the person convicted shall be denied the right to hunt or trap anywhere in this Commonwealth with or without a license for a period of three (3) years.

34 P.S. §1311.731 (Supp. 1983-84). As the revocation does not exceed the statutory mandate, petitioner's claim is meritless.

ORDER

Now, June 5, 1984, the order of the Pennsylvania Game Commission, dated July 7, 1983, is affirmed.