## Barkovitz v. Plains Township Zoning Hearing Board

*Ralph J. Johnston Sr.,* for appellant.
*Robert T. Panowicz,* for appellee.
*Paul M. Pugliese,* for intervenor.

CAPPELLINI, *J.*, July 7, 1986 —

## NATURE OF PROCEEDINGS

This matter is before the court on the petition of the intervenor, Robert Mazzatosta (hereinafter Mazzatosta) to quash the appeal of appellant, Sadie Barkovitz (hereinafter Barkovitz) from appellee's, Plains Township Zoning Hearing Board (hereinafter board) decision rendered on December 13, 1985.

## HISTORY AND FACTS

The Plains Township Zoning Hearing Board conducted a public hearing at the Fox Hill Fire House Building No. 2, Second Street, Plains, Pa., on November 4, 1985, at 8:00 p.m., in order to hear the following request: Robert Mazzatosta, the intervenor here, 20-A Heisz Street, Edwardsville, Pa., requested a specific exception to use the building located at 34 North River Street, Plains, Pa., for a carpet business and carpet warehouse. The property is located in an R-2 District. On December 13, 1985, the hearing board rendered its decision granting the intervenor the exception from the zoning ordinance which he had sought. On January 16, 1986, appellant filed her appeal from the decision alleging inter alia that she appeared before the hearing board on November 4, 1985, and opposed the granting of the exception to the intervenor; that on December 13 or 19 of 1985, the hearing board notified the intervenor that his exception had been granted; that no notice of this decision had been sent to her; that she personally went to the zoning board office on December 19, 1985, and was handed a copy of the decision by the zoning officer of Plains Township.

The intervenor filed a petition to quash the aforementioned appeal on February 20, 1986, alleging inter alia that appellant failed to file her name and address with the hearing board at the meeting on November 4, 1985; that as a result thereof appellee, Plains Township Zoning Board, did not send appellant a copy of the decision which it had rendered on December 13, 1985; that a zoning appeal must be filed with the court of common pleas within 30 days after the decision is mailed; and that appellant's appeal should be dismissed as it was not timely filed since the date the appeal was filed, January 16, 1986, was more than 30 days after the date the decision was mailed, which was on December 13, 1985.

Appellant answered intervenor's petition to quash appeal on March 5, 1986, alleging inter alia that she gave her name and address to the hearing board at the meeting on November 4, 1985, and was thus entitled to a notice of the decision rendered on December 13, 1985; that the notice of decision was hand-delivered to her on December 19, 1985; that therefore her appeal was timely filed since she had until January 18, 1986, to file her appeal and had done so on January 16, 1986. Intervenor filed his brief of support of his petition to quash the appeal on February 20, 1986. Appellant filed her brief in opposition thereto on March 14, 1986. No oral argument was requested.

## DISCUSSION AND LAW

The sole issue is whether appellant's appeal from the zoning board's decision of December 13, 1985, was timely filed. If it was, then intervenor's petition to quash the appeal must be denied.

The Pennsylvania Municipalities Planning Code provides in pertinent part:

"A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date. *To all other persons who have filed their name and address with the board not later than the last day of the hearing, the board shall provide by mail or otherwise, brief notice of the decision or findings and a statement of the place at which the full decisions or findings may be examined.*" 53 Pa.C.S. §10908 (10). (Emphasis added.)

A review of the transcript of the Plains Township Zoning Board Hearing no. 369 held on November 4, 1985, reveals that appellant, Sadie Barkovitz, did file her name and address with the board. The transcript reads as follows:

"Sadie Barkovitz 4 O'Malley Street is sworn and testifies:

"Mrs. Barkovitz: I live, I was born right here. I'm born right by the Friendship Club. I live there all my life. Furthermore, it's residential and where are those trucks going to park, in my driveway? Or in my yard? Where are they going to load or unload? Where are they going to do that? And furthermore, like I said it's residential. And I can't see it being a business place."

An appeal from an order of a governmental unit such as the Plains Township Zoning Board must be taken within 30 days from the entry of the order. 42 Pa.C.S. §5571 (b).

As a general rule, a trial court has little power to alter statutorily fixed times for appeal. Goldberg v. Goldberg, 315 Pa. Super. 333, 461 A.2d 1307 (1983). However, the Commonwealth Court has held:

"A delay in filing an appeal may be justified, however, under extraordinary circumstances involving a breakdown in judicial or administrative operations

which results in injury to a party . . . Accordingly, it is appellant's burden to prove the fraudulent, negligent or wrongful acts of court or administrative officials that his appeal be deemed timely." (Citations omitted.) Appeal of Farrell, 69 Pa. Commw. 32, 35, 36, 450 A.2d 266, 268 (1982).

In Appeal of Girolamo, 49 Pa. Commw. 159, 410 A.2d 940 (1980), an aggrieved party, one Michael Fekety, filed a zoning appeal notice with the Court of Common Pleas of Lehigh County on September 2, 1976. Appellant in the case moved to quash the appeal because it was not filed within 30 days after the zoning board had granted the permit to the appellant which was on June 10, 1976. The trial court denied the motion to quash the appeal.

On appeal, the Commonwealth Court held that the aggrieved party's appeal was not timely filed pursuant to 53 Pa.C.S. §11007 or 42 Pa.C.S. §5571 (6). Appeal of Girolamo, 49 Pa. Commw. 159, 163, 410 A.2d 940, 943 (1983). However, in upholding the lower court's denial of the appellant's petition to quash the appeal, the court employed the following logic:

"The first question before us is whether the trial court was correct in finding on these facts that Fekety's late filing was induced by fraud or events tantamount to fraud. The general rule is that courts have no power to extend the period for taking appeals absent fraud or its equivalent, Dixon Estate, 443 Pa. 303, 279 A.2d 39 (1971), or some breakdown in the court's operation, West Penn Power Company v. Goddard, 460 Pa. 551, 333 A.2d 909 (1975). In MacKanick v. Rubin, 244 Pa. Super. 467, 368 A.2d 815 (1976), Klugman v. Gimbel Bros. Inc., 198 Pa. Super. 268, 182 A.2d 223 (1962), and VanKaenel Unemployment Case, 163 Pa. Super. 173, 60 A.2d 586 (1948), our Superior Court held

that the *'equivalent of fraud' means the ignorant, negligent or wrongful acts of a court or administrative official which misled an aggrieved party to his detriment. We have found no appellant cases applying the 'fraud or its equivalent' rule to appeals under the Code, but we hold that the decisional law we have cited does apply to such cases."* Appeal of Girolamo, 49 Pa. Commw. 159, 164, 410 A.2d 940, 943 (1980). (Emphasis supplied.) Thus, an untimely appeal to the court of common pleas, from a zoning board's decision, taken by an aggrieved party, may be justified under extraordinary circumstances. Appeal of Farrell, supra; Appeal of Girolamo, supra.

Applying the aforementioned criteria to the case at bar, we conclude that appellant was entitled to timely notice of the zoning board's decision pursuant to 53 Pa.C.S. §10908 (10), since she did indeed leave her name and address with the board.

As a direct result of the zoning board's failure to notify appellant of their decision, she was unable to meet the 30-day statutory requirement for filing an appeal. Under those circumstances, we conclude that appellant's appeal was timely filed despite the fact that it was filed three days after the statutory limit. 42 Pa.C.S. §5571 (b). A three-day delay is certainly reasonable under the circumstances, since a 52-day delay in filing an appeal has been held to be reasonable where aggrieved parties seeking appeals to the court from zoning board decisions did not receive the notice of decision required by 53 Pa.C.S. §10908 (10). Clemens v. Zoning Hearing Board of Upper Gwynedd Township, 3 Pa. Commw. 71, 281 A.2d 93 (1971). In Clemens, supra, the aggrieved parties had made their names and addresses known to the board before the hearing as did appellant in case at bar.

## ORDER

It is hereby ordered that the intervenor's petition to quash appellant's appeal is denied and dismissed.