## Commonwealth v. Woolbert

*Jeffrey Abramson, assistant district attorney,* for the Commonwealth.

*J. Scott Watson,* for defendant.

STIVELY, *S.J.,* May 8, 1987—This case is presently before us pursuant to defendant, Thomas Woolbert's, appeal from our February 12, 1987, order denying his petition for allowance of appeal nunc pro tunc from a conviction for driving while on the revoked list. We write now to fulfill the mandate of Pa.R.A.P. 1925(a).

The salient facts of this matter may be briefly summarized in the following manner. On February 25, 1986, Mr. Woolbert was stopped and cited for a violation of 75 Pa.C.S. §3362, Exceeding Maximum Speed Limits, to which he subsequently pleaded guilty by paying the prescribed fine and costs. Thereafter, on or about March 24, 1986, Mr. Woolbert received a citation in the mail notifying him that at the time he had been stopped for speeding, his driver's license was in suspended status and he was therefore being charged with a violation of 75 Pa.C.S. §1543. Defendant appeared before District Justice John Jeffers on May 15, 1986, to contest the charge of driving with a suspended license, at which time he was found guilty of the offense. According to Mr. Woolbert's uncontradicted testimony, however, the district justice never informed him that he had the right to file an appeal to the court of common pleas for a trial de novo within 30 days.

Defendant took no further action on the matter until September 23, 1986, when he received a notice from the Pennsylvania Department of Transportation that his operator's license was being suspended for a period of six months as the result of his conviction under section 1543. At that time, defendant retained counsel, received a supersedeas on the suspension, and finally filed the instant petition for allowance of an appeal nunc pro tunc on January 21, 1987.

As a general rule, the judiciary has little power to alter times affixed by the Legislature for filing appeals, which statutory provisions are to be strictly complied with. *Goldberg v. Goldberg,* 315 Pa. Super. 333, 461 A.2d 1307 (1983); *Appeal of Farrell,* 69 Pa. Commw. 32, 450 A.2d 266 (1982). There are, however, two exceptions which permit the filing of an appeal nunc pro tunc, although the decision whether to permit such an appeal is an equitable matter which rests within the sound discretion of the trial court. *Sergi v. The School District of the City of Pittsburgh,* 28 Pa. Commw. 576, 368 A.2d (1977). Hence, an appeal nunc pro tunc should be permitted only: (1) where the party making the request has shown that the delay in filing the appeal was engendered by extraordinary circumstances involving fraud or a breakdown in the court's operations through a default of its officers, or (2) where a criminal defendant's failure to file an appeal is the result of his counsel's ineffectiveness. *Commonwealth, Department of Transportation v. Rick,* 75 Pa. Commw. 514, 462 A.2d 902 (1983); *Goldberg v. Goldberg,* supra., 461 A.2d at 1309.

In the matter at bar, defendant contended that the district justice's failure to inform him of his post-verdict rights constituted a breakdown in the court's operations so as to justify the late filing of his

appeal. At the time of hearing, however, defense counsel was unable to provide this court with any legal authority whatsoever to support his allegation that the district justice had an obligation to so inform his client of his right to appeal and it was for this reason that we held as we did.

Through our independent research on this issue, however, we have subsequently uncovered Pa.R.Crim.P. 83(e), (formerly Pa.R.Crim.P. 63(f)) which appears to resolve the question with which we are now faced. Specifically, that rule, which governs trials in summary cases, states in pertinent part:

"(e) At the time of sentencing, the issuing authority shall advise defendant of the right to appeal and trial de novo and the time within which to exercise that right."

In light of the foregoing, we now conclude that our prior ruling denying defendant's petition was erroneous insofar as the district justice's failure to discharge his obligation under Pa.R.Crim.P. 83(e) to inform defendant of his appeal rights constituted a fatal breakdown in that court's operations. This court, however, has been effectively divested of its jurisdiction in this matter by virtue of defendant's Superior Court appeal and we are therefore estopped from taking any further or remedial action in this regard. See Pa.R.A.P. 1701(a). Consequently, Mr. Woolbert must now seek the appropriate relief from that court.