461 A.2d 1307

**Joan GOLDBERG**

v.

**Harry GOLDBERG, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1983.

Filed June 24, 1983.

334

James M. Dolan, Swarthmore, for appellant.

Norman L. Goldberg, Media, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

Appellee, Joan Goldberg, filed two Trespass/Assumpsit Complaints with the office of District Justice Martin J. Kerns in Delaware County, Pennsylvania, against appellant, Harry Goldberg, on May 23, 1979. Both complaints were consolidated for purposes of the hearing conducted on June 26, 1979. On June 27, 1979, judgment was entered for

appellee on both cases in the respective amounts of $410.00 and $400.00 plus court costs.

District Justice Kerns mailed notice of both judgments to the parties on July 3, 1979, and appellant's counsel received actual written notice of the judgments on July 6, 1979. On July 30, 1979, appellant filed Notices of Appeal with the Court of Common Pleas of Delaware County. Appellee countered with a Motion to Quash the Appeal on grounds that the Notices of Appeal were untimely filed. By Order of Court, dated October 2, 1980, appellee's Motion to Quash was granted and appellant's appeal to the lower court was quashed. Appellant now appeals from this Order quashing his lower court appeal.

Rule 1002 of the Pa.R.C.P.J.P. sets forth both the time and method of appeal:

A party aggrieved by a judgment may appeal therefrom within thirty (30) days after the *date of the judgment* by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator. (Emphasis added)

A district justice is bound to enter judgment at the conclusion of proffered evidence on the day of the hearing or within five days thereafter. Pa.R.C.P.J.P. No. 322. He is further obligated to promptly send written notice of judgment to all parties, except to those parties who were issued notice publicly on the day of the hearing. Pa.R.C.P.J.P. No. 324.

Appellant avers that "date of the judgment", as that phrase is used in Rule 1002, supra, necessarily connotes the date notice of judgment is actually received by the appealing party and not the date judgment is made or entered. To hold otherwise, according to appellant, could result in frequent reduction of an appellant's allotted thirty-day appeal period due to the sloth or negligence of court employees in mailing notice of judgment. We cannot subscribe to this argument.

■ The judiciary has little power to alter times affixed by the legislature for filing appeals. *Appeal of Farrell,* 69 Pa.Cmwlth. 32, 450 A.2d 266 (1982); *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *In Re Township of Franklin,* 2 Pa.Cmwlth. 496, 276 A.2d 549 (1971). Statutory provisions for appeal must be strictly complied with, *Id.; Commonwealth v. Philadelphia Eagles, Inc.,* 437 Pa. 25, 261 A.2d 309 (1970); mere hardship will not warrant appeals nunc pro tunc or any extension of the period within which to file an appeal. *Tuttle v. Unemployment Compensation Board of Review,* 160 Pa.Super. 46, 49 A.2d 847 (1946). Only two exceptions permitting appeals nunc pro tunc can be carved from these nearly impenetrable rules: 1) where a party is prevented from filing a timely appeal due to a breakdown or fraudulent activity within the court system; *Conrad v. Kemmerer,* 301 Pa.Super. 410, 447 A.2d 1032 (1982); *Re: Revocation of Restaurant Liquor License No. R–8030 [Appeal of Shander Lounge, Inc.],* 53 Pa.Cmwlth. 468, 417 A.2d 1327 (1980); and, 2) where a criminal defendant's failure to file an appeal is the result of his counsel's ineffectiveness. *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A.2d 883 (1966).

■ Unless, therefore, the instant matter falls within the first of the two aforementioned exceptions (exception number 2 is obviously excluded since this is not a criminal appeal), we are powerless to extend appellant's appeal time. Date of judgment here was June 27, 1979. The fact that notice of the judgments was mailed July 3, 1979 and received by appellant's counsel on July 6, 1979 is immaterial, without proof of extraordinary circumstances. *Appeal of Farrell,* supra, *Shander Lounge, Inc.,* supra. Unlike Rule 236(b) of the Pa.R.C.P., the thirty-day appeal period does not begin its run on the date judgment is entered, i.e., the date the prothonotary's office enters the judgment on the docket and notes the mailing of notices of judgment. Here, the date of judgment, June 27, 1979, began the appeal period and rendered it expired on July 27, 1979. Appellant

filed his appeal on July 30, 1979, three days beyond the statutory limit.

We find ourselves completely within the purview of *Conrad v. Kemmerer,* supra; the fact that the appeal in *Conrad* was taken from a default judgment, unlike here, is not pertinent. The district justice in *Conrad* issued the default judgment against the defendant on February 10, 1981. Notice of said judgment was not received by the defendant until February 20, 1981; therefore, using this latter date as the beginning of his thirty-day appeal period, the defendant filed his appeal on March 19, 1981. The *Conrad* court was not impressed with the defendant's argument that notice and due process of law forbade the start of the appeal period before February 20, 1981; date of judgment, as simply and unequivocally used in Rule 1002, supra, began the running of the period.

As in *Conrad,* appellant here fails to carry his burden of proving his untimely appeal the result of administrative error, negligence or fraud. The *Conrad* defendant was deemed not prejudiced, although his appeal period was essentially reduced to twenty-two days. Similarly, appellant does not convince us that the twenty-four days following his receipt of actual notice of judgments was insufficient within which to file his appeal.

We are sensitive to the fact that notice of judgment received sometime later than six or eight days following date of judgment is more likely to result in prejudice to prospective appellants. In fact, we are not precluding the possibility that six or eight day delays in receipt of notice of judgment, under the proper circumstances, could result in prejudice and justify the allowance of appeal nunc pro tunc. We simply hold that delay alone is not likely to sustain a finding of prejudice; appellants must allege and prove more.

Order affirmed.