## Black v. Black

*John Wills Beach,* for plaintiff.
*Daniel E. Teeter,* for defendants.

SPICER, *P.J.*, October 29, 1984—Plaintiff has moved to quash an appeal from judgment entered July 27, 1984, by a district justice. The appeal was filed August 31, 1984, and was beyond the 30-day period established by Pa.R.C.P.D.J. 1002 and 42 Pa.C.S. §5571.

The general rule on this area has stated as follows:

"The judiciary has little power to alter times affixed by the legislature for filing appeals. Appeal of Farrell, 69 Pa. Cmwlth. 32, 450 A.2d 266 (1982); West Penn Power Co. v. Goddard, 460 Pa. 551, 333 A.2d 909 (1975); In Re Township of Franklin, 2 Pa. Cmwlth. 496, 276 A.2d 549 (1971). Statutory provisions for appeal must be strictly complied with, Id.; Commonwealth v. Philadelphia Eagles, Inc., 437 Pa. 25, 261 A.2d 309 (1970); mere hardship will not warrant appeals nunc pro tunc or any extension of the period within which to file an appeal. Tuttle v. Unemployment Compensation Board of Review, 160 Pa. Super. 46, 49 A.2d 847 (1946). Only two exceptions permitting appeals nunc pro tunc can be carved from these nearly impenetrable rules: 1) where a party is prevented from filing a timely appeal due to a breakdown or fraudulent activity within the court system; Conrad v. Kemmerer, 301 Pa. Super. 410, 447 A.2d 1032 (1982); Re: Revocation of Restaurant Liquor License No. R-8030 [Appeal of Shander Lounge, Inc.], 53 Pa. Cmwlth. 468, 417 A.2d 1327 (1980); and, 2) where a criminal defendant's failure to file an appeal is the result of his counsel's ineffectiveness." Commonwealth ex rel. Light v. Cavell, 422 Pa. 215, 220 A.2d 883 (1966). Goldberg v. Goldberg, 315 Pa. Super. 333, 461 A.2d 1307, 1308-09 (1983).

Defendants argue that their circumstances qualify under the first exception for an appeal nunc pro

tunc. This court scheduled a hearing. However, no testimony was presented. The attorney for defendants represented to the court that he appeared for defendants at proceedings before the district justice and that the district justice promised to send a notice of the judgment to him. He has attached copies of notices to his brief.

We are asked to consider facts, verified by affidavit, alleged in defendants' brief. It is somewhat unclear why facts have been presented in this fashion and not established at a hearing. Perhaps it was to save the court time and trouble. There has been no objection to this presentation and we will review these allegations and try to determine pertinent facts. We will consider statements made by counsel at the scheduled hearing.

It would appear that the district justice conducted a hearing July 23, 1984. At the conclusion of the hearing, the justice stated he was taking the case under advisement. Pursuant to Rule 322, which applies to money judgments, and Rule 514, which applies to possession of real property, judgments were entered July 27, 1984. Notices were dated that same day and were mailed to defendants but not to their attorney. The notices were on the form used before the effective date of present Rules 324 and 514 and did not contain advice that defendants had the right to appeal to the court within 30 days from the time of judgment.

Defense counsel said he called the district justice's office several times and was promised a notice. He also states he was told by his clients they had received something from the justice the early part of August. However, because he had been promised the notice by the district justice, he did not consider this to be notice of judgment. He indi-

cates to the court that it was not until August 20, 1984, that he found out judgment had been entered.

This case is very much like the factual situation present in Warner Hospital v. Miller, 53 D.&C. 2d 376 (1971). In that case, Judge MacPhail struck an appeal filed beyond the then appeal period of 20 days. In that case, as here, there was telephone communication between the attorney and the justice of the peace. There were technical problems with the notice, in that an incorrect amount was listed for the judgment.

However, the precise issue decided was that the appeal period began from the date of the judgment not from the date of notice.

Defendants argue that the holding is not binding in this case. The issue presented for decision in this case is whether failure by the district justice to send a notice to the attorney who appeared at the hearing and to use the notice required by the rules amounts to a breakdown in the court system.

The rules, supra, provide that notices shall be given to attorneys, and not to the parties, when the attorney is named in the complaint form. This court takes judicial notice that the present form approved by the Administrative Office of Pennsylvania Courts has a place to identify plaintiffs' but not defendants' counsel. Therefore, the present situation is not covered by the rules. Be this as it may, this court thinks that the district justice was obligated to give notice to the attorney in this situation. People employ lawyers to take care of their legal business and to do all of the mundane things necessary to keep litigation going. If anyone seriously doubts this, a review of any legal malpractice case would prove instructive.

The failure to give proper notice was compounded by a failure to use the proper form.

The question now becomes whether the attorney's delay in receiving notice will extend the appeal period sufficiently. There is some indication that delay, coupled with prejudice, will justify an extension.

"We are sensitive to the fact that notice of judgment received sometime later than six or eight days following date of judgment is more likely to result in prejudice to prospective appellants. In fact, we are not precluding the possibility that six or eight day delays in receipt of notice of judgment, under the proper circumstances, could result in prejudice and justify the allowance of appeal nunc pro tunc. We simply hold that delay alone is not likely to sustain a finding of prejudice; appellants must allege and prove more." Goldberg v. Goldberg, supra, at 1309.

Defendants' counsel has stated the following in his brief:

"1. Having received no notice, he called the district justice on the first or second of August. He was told the justice was on vacation or about to go on vacation and that a notice would be sent immediately.

The only conclusion that can be drawn from this allegation is that counsel was aware that judgment had been entered. Of course, it would be impossible to know what the judgment was without a notice or without inquiry. There is no allegation that inquiry was made.

2. The notice was not received by the second weekend in August and counsel telephoned his clients to ask if notice had been mailed to them. The answer was in the negative. However, defendants told him a "letter" had come from the magistrate's office. They were told to bring the letter to counsel without delay.

3. Defendants brought the notice to counsel during the evening of August 22, 1984.

4. Counsel erroneously concluded the appeal period would expire 15 days from August 20, 1985."

These facts almost qualify under the language of Goldberg, supra. There was, however, no delay shown in the giving of notice. The delay was occasioned by first, the giving of notice to clients and not the attorney and second, by the delay of defendants in bringing the notice to their counsel. We can sympathize with counsel. Were the rule not jurisdictional and almost impenetrable, we would be inclined to give nunc pro tunc effect to the appeal. However, under the circumstances we reluctantly conclude that defendants have failed in the burden to prove prejudice.

## ORDER OF COURT

And now, this October 29, 1984, the appeal is quashed.