## National Environmental Control Corp. v. Colavita

*Nicholas J. Kelly, III*, for plaintiff.
*Barry M. Miller*, for defendants.

STEFAN, *J.*, January 17, 1985—The present action was originally commenced on the district justice level by Anthony Colavita, one of respondents herein, against National Environmental Control Corp., petitioner herein. Petitioner responded by asserting a counterclaim in the said action. On September 17, 1981, District Justice Robert P. Johnson entered judgment for petitioner on respondent's original claim and for respondents, Anthony Colavita and Carmen Colavita on petitioner's counterclaim.

On October 16, 1981, petitioner filed a notice of appeal with the prothonotary in compliance with Pa.R.C.P.J.P. 1002 (now codified as Pa.R.C.P.D.J. 1002). Said notice provides the following: "[n]otice is given that the appellant has filed in the above Court of Common Pleas an appeal from the judgment rendered by the Justice of the Peace on the date and in the case mentioned below." Pursuant to this directive, the case appealed from, listing plaintiff first, was typed in the space provided. The caption reads: "National Environmental Control Corp. v. Anthony Colavita & Carmen Colavita." A copy of said notice of appeal was served upon respondents by certified mail on October 19, 1981.

Thereafter, respondents did not file a notice of appeal.

On November 6, 1981, petitioner filed a complaint in assumpsit to which respondents filed an answer, new matter and counterclaim, later supplemented by an amended answer, new matter and counterclaim. Petitioner filed an answer to respondents' new matter and counterclaim on October 20, 1982.

An arbitration was held on December 13, 1982, and an appeal from the award of the arbitrators was filed on January 12, 1983.

On November 14, 1983, petitioner filed the instant petition to dismiss respondents' counterclaim and amended counterclaim for failure to file a notice of appeal as required by Pa.R.C.P.J.P. 1002 and Pa.R.C.P.J.P. 1004(C).

Following oral argument held on October 1, 1984, the undersigned, by order dated November 9, 1984, dismissed respondents' counterclaim and amended counterclaim. The respondents now appeal.

Rule 1002 permits a party to appeal from judgment entered by a district justice by filing a pre-

scribed notice of appeal with the prothonotary of the court of common pleas. Since this 30-day appeal period mirrors that found in the Judicial Code, §5571(b), 42 Pa.C.S. §5571(b), as amended by §10(67) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, no. 53, it is a mandatory one.

Respondents, relying upon Pa.R.C.P.J.P. 1007(A), argue that failure to file an appeal from the district justice's adverse decision on the original claim should not bar its assertion as a counterclaim in the court of common pleas. Rule 1007(A) states that "[t]he proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas."

Rule 1007(B) further requires that the action on appeal not be limited with respect to counterclaims or otherwise because of the particulars of that action before the district justice.

The note following Rule 1007, however, clearly shows that this rule should not be read in isolation by instructing that "[u]nder subdivision B, the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the justice of the peace, *subject of course to the Rules of Civil Procedure.*" (Emphasis added.)

The present facts require that Rule 1007 be read in conjunction with Rule 1004(C). Since Rule 1004(C) specifically governs appeals involving counterclaims, its dictates must override Rule 1007's general ones, whenever the two rules conflict. See, Pa.R.C.P. 132.

Rule 1004(C) provides that where a district justice renders judgment on both appellant's and appellee's complaints and appellant appeals to the

court of common pleas, appellee may assert his claim as a counterclaim. If appellant appeals solely from the judgment on his complaint, Rule 1004(C) further provides that "appellee may appeal from the judgment on his complaint at any time within 30 days after the date on which appellant served a copy of his notice of appeal upon the appellee." The note following Rule 1004(C) indicates that this step is compulsory, where it states: "appellee must . . . still give a notice of appeal under Rule 1002, with the time extension allowed by subdivision C . . . if he intends to appeal from the judgment on his complaint and the appellant has not appealed from that judgment. . . ."

In Spotts v. Campbell, 53 Northumberland L.J. 53, 14 D.&C. 3d 376 (1980), the court permitted defendants to pursue their counterclaim, despite their failure to appeal from the district justice's decision. The court implied that Rule 1004(C) worked a hardship on defendants in requiring that they file a notice of appeal to preserve their counterclaims stating: "every defendant would be required to file a notice of appeal, even if he did not want to appeal in order to protect his right to file a counterclaim if plaintiff chose to appeal." Id. at 379. The court, however, failed to consider that Rule 1004(C) avoids this perceived hardship by granting defendants an additional 30 days to file an appeal after receipt of plaintiff's notice of appeal. This oversight is evidenced by Spotts' quotation of the note following Rule 1004(c) without including that note's language regarding the said time extension.

Moreover, mere hardship upon a party will not license extension of the period within which to file an appeal. Rather, we must strictly follow statutorily fixed appeal periods. Goldberg v. Goldberg, 315 Pa. Super. 333, 336, 461 A.2d 1307, 1308 (1983).

The preceding facts show that petitioner filed its notice of appeal solely from the district justice's decision on its complaint. Said notice of appeal was duly served upon respondents in compliance with Pa.R.C.P.J.P. 1005. Thereafter, respondents failed to file a notice of appeal as required by Rule 1002, within the 30-day time extension granted by Rule 1004(C).

Two further points demand brief discussion. First, respondents contend that the within petition is barred by laches. Since this case involves an action at law, the equitable doctrine of laches is inapplicable. Graybill v. Juniata County School District, 21 Pa. Commw. 630, 632, 347 A.2d 524, 525 (1975).

Second, as this petition raises a jurisdictional question, it was not improper for petitioner to file it at this stage of the proceedings. See, Gallardy v. Ashcraft, 288 Pa. Super. 37, 44, 430 A.2d 1201, 1204 ("Timeliness of an appeal, whether it is to an appellate court or a de novo appeal in common pleas court, is a jurisdictional question."); Tops Apparel Manufacturing Company v. Rothman, 430 Pa. 583, 585, 244 A.2d 436, 437 (1968) ("A question as to subject matter jurisdiction can be raised at any time. . . .").

In view of the foregoing, the court dismissed respondents' counterclaim and amended counterclaim.