Roy A. Edlis, Appellant *v.* The County of Allegheny and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Submitted on briefs November 13, 1984, to Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*John R. Banke,* for appellant.

*Walter C. Faderewski,* for appellee, County of Allegheny.

*Richard M. Rosenthal,* Deputy Attorney General, for appellee, Department of Transportation.

OPINION BY JUDGE PALLADINO, May 10, 1985:

Roy A. Edlis (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which denied his Motion to Strike Judgment. For the reasons set forth below, we affirm.

The factual setting of the instant case is somewhat convoluted. Appellant, in 1979 filed a complaint in trespass against Allegheny County. An arbitration hearing was set for October 31, 1979, but because the County joined the Commonwealth as an additional defendant, Appellant requested a continuance in order to complete discovery involving the Commonwealth. On October 31, 1979 Judge DELSOLE signed the order continuing the hearing until January 8, 1980. This hearing was not held. The continuance order was not stamped "received" or docketed by the Court of Common Pleas, Civil Division, until December 3, 1980. The arbitration hearing was then scheduled for January 8, 1981, and notice was published in the Pittsburgh Legal Journal. At that hearing, before a panel of three arbitrators, only the County was present. The arbitrators entered an award in favor of the County on Janu-

ary 8, 1981. Appellant received notice of the award, but did not appeal it. On February 10, 1981 the arbitrators' award was entered as a judgment in the Court of Common Pleas.

Appellant's Motion to Strike Judgment was filed April 28, 1981, and following argument, the trial court denied the motion on May 8, 1981. This appeal followed.

A motion to strike a judgment is in the nature of a demurrer directed to defects in the record. Such a motion will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the motion to strike must be denied. *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972). *Scheiner v. Redevelopment Authority of the City of McKeesport,* 77 Pa. Commonwealth Ct. 181, 465 A.2d 1140 (1983). This court will not disturb the trial court's denial of the Motion to Strike absent a manifest abuse of discretion or an error of law. *Giallorenzo v. American Druggists' Insurance Company,* 301 Pa. Superior Ct. 294, 447 A.2d 974 (1982).

Appellant contends that the trial court erred by concluding that no defects appeared on the face of the record. In the Motion to Strike, Appellant alleged that he never received notice of the January 8, 1981 arbitration hearing. Appellant argued that the lack of notice is factually proved by the record, and therefore the judgment entered against Appellant, based on his failure to attend the hearing, should be stricken.

Appellant's attack on the judgment is premised solely on the peculiar history of the continuance order. Appellant, in his motion to strike, alleged that the order, signed and dated October 31, 1979, was filed with the prothonotary on that same date but was not docketed until December 3, 1980, thirteen months later. It is Appellant's contention that the prothonotary

unilaterally changed the date on the order from January 8, 1980 to January 8, 1981 and then scheduled the case for hearing without notifying any of the parties.

Appellant does admit that notice of the hearing was published in the Pittsburgh Legal Journal, but because counsel was on vacation from December 21, 1980 to January 15, 1981, this notice was not effective. Appellant would have us infer from the odd sequence of events surrounding the filing and docketing of the continuance order that he received no notice of the arbitration hearing. This we cannot do.

Unfortunately, while it is apparent that the continuance order was mislaid at some point, the filing date stamped on the cover sheet of the order is December 3, 1980. We are constrained by the face of the record which reflects a filing date for the continuance different from that alleged by Appellant. We cannot speculate as to whose actions, Appellant's or the prothonotary's, are the cause of the delay in docketing the continuance order. Once Appellant asked for and received the continuance, it became his responsibility to inquire why the hearing was not held on January 8, 1980, and to monitor the status of the case. Appellant's allegation that the prothonotary changed the date on the continuance order is likewise unsupported by the record. No alteration of the dates appears on the continuance order.

In ruling on the Motion to Strike, the trial court was bound by the facts on the face of the record. The record in this case does not reveal a defect in notice. All of Appellant's allegations are based upon events which are not reflected in the record. The more appropriate procedure to raise a defect in notice would have been a promptly filed motion to open the judgment, which would have permitted the trial court to consider facts outside of the record. *Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A.2d 505 (1967). Alternatively,

Appellant could have appealed from the arbitrators' award prior to its entry as a judgment.

Our examination of the record, which suggests some irregularity concerning the order continuing the hearing, does not reveal a fatal defect in the judgment on its face. Therefore, the trial court correctly denied Appellant's Motion to Strike.

Affirmed.

### ORDER

AND NOW, May 10, 1985, the order of the Court of Common Pleas of Allegheny County at No. 6800-79 dated May 11, 1981, is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.