*144
 
 OLSZEWSKI, Judge:
 

 This is an appeal from an order of the court of common pleas striking as untimely the appeal of Renovations Unlimited, Inc. (RUI), from a judgment entered against RUI by the district justice. Joseph J. Labriola was awarded judgment against RUI in the amount of $3,057.75 by District Court 38-1-13, at Docket No. TA-859-90. The district court mailed RUI notice of the entry of judgment. That notice indicates that judgment was entered on November 30,1990; the notice also contains a “Notice date” of December 6, 1990. RUI filed a notice of appeal requesting a trial
 
 de novo
 
 with the court of common pleas on January 3,1991. Labriola moved to have the notice of appeal stricken because it was not filed within thirty days of the entry of judgment as required by Pa.R.C.P.DJ. 1002, 42 Pa.C.S.A. The court of common pleas granted that motion and this timely appeal followed.
 

 On appeal, RUI argues that the thirty-day period provided for in the rules must be computed from the notice date of December 6, 1990. Thus, RUI concludes that its appeal was timely filed and should not have been stricken. We find that precedent dictates that the thirty-day period begins on the date judgment was entered and, accordingly, affirm.
 

 The rule governing appeals from judgments rendered by a district justice provides as follows:
 

 A party aggrieved by a judgment may appeal therefrom within thirty (30) days after the date of judgment by filing with the prothonotary of the Court of Common Pleas a notice of appeal on the from which shall be prescribed by the State Court Administrator.
 

 Pa.R.C.P.DJ. 1002, 42 Pa.C.S.A. (Purdon’s Supp.1991). RUI argues that, if the thirty-day period is computed from the date judgment is entered, the notice date is superfluous. Thus, RUI concludes that the notice date is the date of judgment referred to by the rule. We disagree.
 

 
 *145
 
 Which date is the date of judgment triggering the thirty-day period provided for in Rule 1002 has twice before been considered by this Court.
 
 See, Conrad v. Kemmerer,
 
 301 Pa.Super. 410, 447 A.2d 1032 (1982);
 
 Goldberg v. Goldberg,
 
 315 Pa.Super. 333, 461 A.2d 1307 (1983). In both instances, this Court held that the date that judgment is entered is the date from which the thirty-day period is computed.
 
 Conrad, supra,
 
 301 Pa.Superior Ct. at 411-12, 447 A.2d at 1033;
 
 Goldberg, supra,
 
 315 Pa.Superior Ct. at 336-37, 461 A.2d at 1309. Thus, precedent dictates that we hold that “date of judgment”” as used in Rule 1002 refers to the date judgment was entered, not the notice date.
 

 RUI attempts to distinguish
 
 Goldberg
 
 by noting that the appellant in
 
 Goldberg
 
 argued that the period should be computed from the date the notice was received, while they argue that the period should commence the date the notice is sent. It is true that the
 
 Goldberg
 
 appellant argued that “date of judgment” should be construed to mean the date notice was received.
 
 Goldberg, supra,
 
 315 Pa.Superior Ct. at 335-36, 461 A.2d at 1308. In rejecting this argument, the
 
 Goldberg
 
 Court specifically relied upon
 
 Conrad,
 
 which had rejected an argument that the thirty-day period ran from the notice date.
 
 See, Conrad, supra
 
 301 Pa.Super. at 411-13, 447 A.2d at 1033-34. Thus, assuming
 
 arguendo
 
 that we agree that
 
 Goldberg
 
 is distinguishable, RUI has not indicated to us how we may disregard
 
 Conrad
 
 and grant the relief they request.
 
 [1]
 

 RUI argues that computation of the thirty-day period from the date judgment was entered unfairly reduced the time to take an appeal to twenty-four days. This argument has been rejected twice by this Court. “[Ajppellant does not convince us that the twenty-four days following his receipt of actual notice of judgments was insufficient within
 
 *146
 
 which to file his appeal.”
 
 Goldberg, supra
 
 315 Pa.Super. at 337, 461 A.2d at 1309.
 
 Accord, Conrad, supra
 
 (no prejudice demonstrated from reduction of appeal period to twenty-two days).
 

 Further,
 
 Goldberg
 
 supplies an answer to RUI’s contention that use of the date judgment was entered to trigger the thirty-day period renders the notice date superfluous. The
 
 Goldberg
 
 Court noted that where a notice of judgment is delivered much later than the date the judgement was entered, an appellant could argue that he was prevented from filing a timely appeal due to a breakdown in the court system; this would be grounds for allowing that party to appeal
 
 nunc pro tunc. Goldberg, supra,
 
 315 Pa.Superior Ct. at 336-37, 461 A.2d at 1309. Thus, the notice date serves as an evidentiary measure of the prompt functioning of the court system when leave to file an untimely appeal is sought.
 

 RUI also argues that reference to the Judicial Code indicates the period should be measured from the date of notice. The comments to Rule 1002 state that “[t]he thirty day limitation in this rule is the same as that found in the Judicial Code ... 42 Pa.C.S.A. § 5571(b)”. Note, Pa. R.C.P.D.J. 1002, 42 Pa.C.S.A. (Purdon’s Supp.1991). Section 5571(b) provides that appeals must be commenced within thirty days of the entry of the order from which the appeal is taken. RUI then cites us to 42 Pa.C.S.A. § 5572, which provides that the date of mailing an order is the date of the entry of an order. Thus, RUI concludes that this section must apply to the rule at issue here.
 
 [2]
 
 We cannot agree.
 

 
 *147
 
 The fact that the period is the same under both the rule and the Judicial Code does not necessarily mean that both are triggered by the same event. To reconcile the Note to Rule 1002 with the
 
 Conrad
 
 and
 
 Goldberg
 
 decisions, we hold that the language of the Note,
 
 i.e.,
 
 “The thirty day limitation in this rule is the same as that found in the Judicial Code”, only refers to the length of the limitation period, not an identical operation of the triggering mechanism.
 

 Order affirmed.
 

 [1]
 

 . RUI also cites to us
 
 Simon Dechalet, Inc. v. Naponic,
 
 21 Pa.D. & C.3d 408 (1980), for the proposition that the period runs from the date notice of judgment is mailed to the parties. Suffice to say that the
 
 Naponic
 
 case, a court of common pleas decision, is not binding on this Court and was rendered before the Superior Court decisions in
 
 Conrad
 
 and
 
 Goldberg.
 
 We properly disregard this portion of RUI’s argument.
 

 [2]
 

 . RUI also cites us to Pa.R.A.P. 108, which provides that computation of time periods under the appellate rules begins with the date of entry of an order, such date being the date copies of the order are mailed or delivered to the parties. We agree that the Rules of Appellate Procedure so provide. Those rules, however, are not at issue here. The rules governing practice before district justices provide: ”[t]he purpose and intent of these rules is to provide a complete and exclusive procedure for every action or proceeding to which they are applicable.” Pa.R.C.P.D.J. 204, 42 Pa.C.S.A. Thus, the Rules of Appellate Procedure have no application here.