635 A.2d 219

Joseph F. BARRON, on his own behalf and
on behalf of Philadelphia Fire Officers

v.

CITY OF PHILADELPHIA, William J. Green, Rodney D. Johnson, J.W. Brown, Orville W. Jones and Joseph R. Rizzo and International Association of Firefighters Local No. 22, Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Dec. 6, 1993.

Nancy B.G. Lassen, for appellants.

William F. Coyle, for appellees.

Before DOYLE, and FRIEDMAN, JJ., and LORD, Senior Judge.

DOYLE, Judge.

This is an interlocutory appeal by permission taken by the City of Philadelphia, its former Mayor William J. Green, the Managing Director, Finance Director, Personnel Director, and Fire Commissioner, and the International Association of Fire Fighters, Local No. 22 (collectively, the Appellants) from an order of the Court of Common Pleas of Philadelphia County granting Joseph F. Barron's "Petition to Strike Judgment on *Non Pros* for Failure to Appear at the Call of the List."

The relevant facts are as follows. On April 18, 1983, Barron, a non-union fire officer, filed, on his own behalf and on behalf of other non-union fire officers, a class action complaint in equity and trespass. Barron sought the return of money that had been periodically deducted from his and other non-union fire fighters' paychecks by the City of Philadelphia. This money had been deducted by the City and paid to Local No. 22 as service charges pursuant to the agency shop provision of an interest arbitration award between the City of

Philadelphia and the Union. The City placed the money in an escrow account when this litigation commenced.

On November 25, 1985, the trial court entered an order which stayed all proceedings pending appellate resolution of certain other related cases. On December 24, 1986, Barron filed a Petition for Reconsideration of the stay order. The Appellants joined in the request, filing a Motion to Vacate and Stay Order on July 2, 1987. The trial court never acted on either the motion or the petition.

Meanwhile, on January 9, 1987, without informing either party, the trial court entered a Judgment on *Non Pros* for Barron's failure to appear at the call of the list for assignment for trial.[1] Despite an apparently informal hearing before the trial court in October 1987, the *non pros* order was not discovered and the case languished for several years. After the Appellants discovered the dismissal order in early 1990, the City notified Barron by letter of March 27, 1990, of its intention to disburse the escrow funds to Local No. 22.[2]

On November 14, 1990, Barron filed a Petition to Strike the Judgment of *Non Pros,* which was granted on May 23, 1991, by the trial court. Following a request by the Appellants, the trial court amended the order of May 23, 1991, to certify that the case involved a controlling question of law as to which there was substantial ground for difference of opinion and that an immediate appeal from the order would materially advance the ultimate termination of the matter, as specified in 42 Pa.C.S. § 702(b).[3]

1. Our review of the record fails to disclose why the case was placed on the trial list at this time.

2. Not receiving an immediate response from Barron, the City did remit the funds to the Union.

3. 42 Pa.C.S. § 702(b) provides that:

   When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate

On June 12, 1991, the Appellants filed a *Notice of Appeal* with the Commonwealth Court that was quashed on October 21, 1991.[4] On December 31, 1991, the Appellants filed a second Motion to Amend the trial court's original order. On January 13, 1992, the trial court for the second time amended its original order, this time by simply including more language from the text of 42 Pa.C.S. § 702(b) but essentially stating the same thing. The Appellants then properly filed a Petition for Permission to Appeal with this Court on February 11, 1992. By order of April 27, 1992, the Commonwealth Court granted Appellants' petition.

On appeal to this Court, the issues are: (1) whether Barron's Petition to Strike was timely filed with the common pleas court and (2) whether the trial court properly granted the Petition to Strike.[5]

court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

4. The Appellants' Notice of Appeal was quashed because the trial court's order granting Barron's Petition to Strike the judgment of *Non Pros* was interlocutory and not appealable as of right. Pa.R.A.P. 311(a)(1) and 312. Interlocutory appeals are by permission only and must be initiated by a Petition for Permission to Appeal, not by a Notice of Appeal as the Appellants initially filed. Pa.R.A.P. 1311(b).

5. Barron asserts that there is a threshold issue which must be determined before we reach the merits of the appeal because it is a challenge to our jurisdiction. Barron argues that the Commonwealth Court improperly considered the Petition for Permission to Appeal the second amended order of the trial court. We disagree.

The appealability of interlocutory orders is governed by Rule 1311(b) of the Pa.R.A.P. The *former* Rule 1311(b) read in pertinent part: Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court ... within prescribed statement *at any time*, and permission to appeal may be sought within 30 days after the entry of the order as amended. (Emphasis added.)

The order at issue here was amended for the second time on January 13, 1992, to include the required language and the petition to this Court was filed on February 11, 1992, within the thirty (30) day period. Of course, the petition was not filed within 30 days of the *first* amended Order filed on May 23, 1991, but that is of no consequence, because the trial court could amend its order *at any time*.

The Pennsylvania Supreme Court, by Order of May 6, 1992, amended Pa.R.A.P. 1311(b), effective July 6, 1992. The phrase "at any time" was deleted from the rule and the following substituted:

■    In reviewing a trial court's disposition of a petition to strike, this court will not reverse the trial court's ruling absent a manifest abuse of discretion or an error of law. *Edlis v. County of Allegheny*, 89 Pa.Commonwealth Ct. 209, 492 A.2d 455 (1985).

■    We first address the Appellants' argument that Barron's Petition to Strike was untimely filed. The Appellants' timeliness argument essentially raises the defense of laches. However, the defense of laches applies only to proceedings in equity and a petition to strike is not a proceeding in equity.[6] *Green Ridge Bank v. Edwards*, 247 Pa.Superior Ct. 231, 372 A.2d 23 (1977). Nonetheless, the timeliness of a petition to strike is a proper factor to consider in determining whether to grant the petition on the merits, unless the judgment is void *ab initio*. A void judgment may be attacked at any time. *Graham v. Kutler*, 275 Pa.Superior Ct. 188, 418 A.2d 676 (1980). Because we conclude that the *non pros* order was void when issued, we will not inquire further into Barron's failure to file promptly after he was provided with notice by the Appellants that the case had been dismissed.

■    The trial court was correct when it opined that the Judgment of *Non Pros* was a nullity when issued because of the preexisting order staying all proceedings. *Manufacturers Hanover Trust Co. v. Klutse*, 326 Pa.Superior Ct. 440, 474

An application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b) shall be filed with the lower court or other government unit within 30 days after the entry of such interlocutory order and permission to appeal may be sought within 30 days after entry of the order as amended. *The trial court must act on the application within 30 days.* (Emphasis added.)
However, the amended Rule 1311(b) applies only to cases commenced after July 6, 1992. This case commenced on April 18, 1983, well before the new rule became effective.

6. Although the Appellants characterize Barron's petition as a petition to open, Barron is correct in captioning it as a petition to strike. Where judgment is improperly entered, a petition to strike that judgment is the correct procedure. *Gitt v. Myers*, 273 Pa.Superior Ct. 310, 417 A.2d 664 (1979). A motion to strike is addressed to errors apparent on the fact of the record. *Edlis*. The cases cited by the Appellants are inapposite because they address only petitions to open a judgment.

A.2d 321, 322 (1984). We find *Manufacturers Hanover* controlling. Because the order that stayed all proceedings was still in place, the trial court was without authority to enter the Judgment of *Non Pros*, rendering the trial court's order of January 9, 1987, void.

Therefore, the order of the Court of Common Pleas of Philadelphia County of May 23, 1991, granting Barron's Petition to Strike the Judgment of *Non Pros* is affirmed.

## ORDER

NOW, December 6, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.