**Saporito v. Oldsmobile Motor Division of the General Motors Corp.**

366

C.P. of Allegheny County, no. GD93-9944.

*Douglas P. Yauger*, for plaintiff.
*Thomas J. Sweeney*, for defendant GMC.
*Scott T. Redman*, for defendant McMinn Oldsmobile.

WETTICK, *J.*, May 15, 1996—The subject of this opinion and order of court is a motion of General Motors Corporation to quash an appeal from an arbitration award on the ground that it was not timely filed.

On March 20, 1996, a board of arbitrators entered an award in favor of defendants. The records of the prothonotary show that the award was entered on the docket on March 20, 1996 and that the notices of the entry of the award were mailed to the parties on March 21, 1996. Plaintiff's notice of appeal was filed on April 22, 1996.

Pa.R.C.P. 1308(a)(1) provides that an appeal from an award shall be taken by filing a notice of appeal with the prothonotary of the court in which the action is pending "not later than 30 days after the entry of the award on the docket." The case law holds that in the absence of fraud or a breakdown in the court

machinery, a court shall quash an appeal from an arbitration award that is not timely filed. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Lough v. Spring,* 383 Pa. Super. 85, 556 A.2d 441 (1989); *Gallardy v. Ashcraft,* 288 Pa. Super. 37, 430 A.2d 1201 (1981).

Defendant contends that the 30-day appeal period began to run on the date of the entry of the award on the docket. Consequently, the last day for filing the notice of appeal was Friday, April 19, 1996. Plaintiff contends that the 30-day appeal period did not begin to run until the date on which the notices of the entry of the award on the docket were actually mailed; therefore, the filing of the notice of appeal on Monday, April 22, 1996 was timely.

The language of Rule 1308 is clear. The notice of appeal must be filed not later than 30 days after the entry of the award on the docket.

Plaintiff relies on the case law holding that the time in which a party must file an appeal from an order of a common pleas court to an appellate court does not begin to run until notice of the entry of the order has been given. See *e.g., Hepler v. Urban,* 530 Pa. 375, 377, 609 A.2d 152, 153 (1992); *Yeaple v. Yeaple,* 485 Pa. 399, 402 A.2d 1022 (1979). However, this case law is based upon Pa.R.A.P. 301(a) which provides that an order of court is not appealable until it has been entered upon the appropriate docket in the lower court and Pa.R.A.P. 108(b) which provides that

"The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)."

There is no rule similar to Pa.R.A.P. 108 in the Pennsylvania Rules of Civil Procedure. Consequently, Rule 1308(a)(1) means what it says: the notice of appeal must be filed not later than 30 days "after the entry of the award on the docket." The notice of entry of award which the parties received stated that the award was entered on the docket on March 20, 1996 at 2:09 p.m.

In addition, Pa.R.A.P. 108(b) states that the date of the entry of the order shall be the date *upon which the clerk makes the notation in the docket* that notice of entry of the award has been given as required by Rule 236(b). In this case, the prothonotary's notice of entry of award states that "20 day of March 1996 at 2:09 p.m. the above award was entered upon the docket and notice thereof given by mail to the parties or their attorneys." The copies of the award mailed to the parties include the additional information that two notices were actually sent on March 21, 1996.

Plaintiff contends that the 30-day period should not run until the date on which the notices were actually mailed because otherwise a party will not receive the full 30-day appeal period. This issue has been addressed in the case law governing the requirement of Pa.R.C.P.D.J. 1002 that a party aggrieved by a judgment entered by a district justice must file a notice of appeal within 30 days after the date of the judgment. In response to the argument that the 30-day appeal period should not begin to run until the date on which the district justice mailed the judgment, the appellate court case law holds that the "date of judgment" refers to the date the judgment was entered, not the notice date. See *Labriola v. Renovations Unlimited Inc.,* 408 Pa. Super. 143, 596 A.2d 232 (1991), and cases cited therein.

For these reasons, I enter the following order of court:

## ORDER

On May 15, 1996, it is hereby ordered that defendants' motion to quash appeal from arbitration award is granted.