702 A.2d 848

Charles SCOTT, James H. Jones, Phillip Smythe, Steven Mauger, James S. Shyatt, James Bolton, Leon Johnson, Michael Aikens, Jerome Cheatham, George Henderson

v.

Martin HORN, Commissioner, Pennsylvania Department of Corrections, Donald T. Vaughn, Superintendent, Sci–Graterford, Thomas D. Stachelek, Deputy Superintendent, William R. Winder, Deputy Superintendent, Adrian Callender, Director of Treatment, Steven R. Lucash, Major, Sci–Graterford, Appellants.

Supreme Court of Pennsylvania.

Sept. 29, 1997.

***ORDER***

PER CURIAM.

AND NOW, this 29th day of September, 1997, the order of the Commonwealth Court dated May 24, 1996 is reversed. This matter is remanded to the Commonwealth Court for the entry of an order granting Appellants' petition to strike the February 15, 1996 default judgment and vacating the final decree in equity. In addition, the Application to Supplement Appellants' Brief is denied.

610

The record does not establish that Appellants were served with the complaint before the entry of default judgment on February 15, 1996. Absent service, the Commonwealth Court had no jurisdiction over Appellants and entry of default judgment was error. *See, e.g., Sharp v. Valley Forge Medical Center and Heart Hosp.*, 422 Pa. 124, 221 A.2d 185 (1966)(striking default judgment where service of process was defective and the court had no personal jurisdiction over the defendant); *U.K. LaSalle, Inc. v. Lawless,* 421 Pa.Super. 496, 618 A.2d 447 (1992)(same). Since the default judgment is defective, the equitable relief afforded to the Appellees is unwarranted. Furthermore, there is no evidence of record supporting an injunction.

The statement in the May 24, 1996 order related to the default judgment entered on April 26, 1996 is also improper. The only matter before the court was Appellants' petition to strike or open the February 15, 1996 default judgment. A petition to strike or open the April 26, 1996 default judgment is now pending before the Commonwealth Court for disposition.