**The TRIANGLE PRINTING COMPANY, Appellee,**

v.

**IMAGE QUEST.**

**Appeal of Joyce A. Stephen.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1999.

Filed May 18, 1999.

---

Dale E. Lapp, Lancaster, for appellant.

Richard Robinson, York, for Triangle Printing Co., appellee.

Before CAVANAUGH, EAKIN and OLSZEWSKI, JJ.

EAKIN, J.:

¶ 1 Joyce Stephen appeals the order denying her petition to strike judgment. We affirm.

¶ 2 On August 20, 1993, Triangle Printing Company filed a district justice complaint seeking payment for printing services, naming "Image Quest (Joyce Stephen)" as defendant. Trial was set for September 14, 1993. Neither party appeared and the district justice entered a default judgment. On December 13, 1993, the district justice certified the record and the transcript became the basis for entry of judgment in the prothonotary's office of the common pleas court, where the judgment was indexed and entered against Joyce Stephen and Image Quest. Notice of the judgment was sent to Stephen on February 10, 1994.

¶ 3 On February 23, 1998, Stephen filed a petition to strike/open judgment, alleging she never received notice of the judgment from the district justice, and that the prothonotary was therefore without authority to enter judgment against her. She asserted she only became aware of the judgment when conducting a title search to sell her home. The trial court denied her petition. This appeal followed, wherein Stephen raises four questions for our consideration:

1. Is there a defect in the record when a judgment has been entered on the basis of a District Justice transcript that fails to confirm compliance with Pa.P.D.J. 324; more specifically, fails to disclose that notice of entry of the judgment was ever given to the defendant?

2. Is a judgment entered at the Court of Common Pleas without record compliance with notice requirements of Rule 324 void, making the passage of time between entry and challenge an irrelevant consideration?

3. Is the distinction between a void and voidable judgment less significant when the challenging party is the defendant, as opposed to a third party?

4. When the propriety of a judgment is otherwise doubtful, should the doubt be resolved in favor of striking when the individual defendant was not clearly identified as a defendant against whom judgment was entered (on the District Justice form)?

¶ 4 Our standard of review is clear. A petition to strike a default judgment operates as a demurrer to the record and may be granted only for a fatal defect or irregularity appearing on the face of the record. *Cintas Corp. v. Lee's Cleaning Servs.*, 549 Pa. 84, 700 A.2d 915, 917, 919 (1997). "A court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment." *Id.*, at 919. A petition to strike does not involve the discretion of the court. *Id.*, at 918.

¶ 5 Pennsylvania Rule of Civil Procedure (District Justice) 324 reads as follows:

The district justice shall promptly give or mail to the parties written notice of

judgment, dismissal or continuance. The notice shall be given to all parties, but if any party has an attorney of record named in the complaint form, the written notice shall be given to the attorney of record instead of to the party. Notice of judgment shall contain advice as to the right of the parties to appeal, the time within which the appeal must be taken, and that the appeal is to the court of common pleas.

Pa.R.C.P.D.J. 324. Stephen argues the district justice's failure to indicate on the transcript that Rule 324 notice was given constitutes a fatal defect on the record, requiring the striking of the judgment entered by the common pleas prothonotary. We disagree.

¶ 6 The trial court's reasoning of Stephen's central complaint states:

First, [Stephen] complains that the judgment is defective on its face because the District Justice's civil complaint form does not reflect that notice was given. The court agrees that there is no notation on the form indicating whether or not the District Justice actually sent out the notice as required. However, the District Justice did state that thirty days had passed since the date of judgment, and that no appeal had been taken. In addition, there is no requirement in Rule 324 that the District Justice complete all blanks on the civil complaint form.

Trial Court Opinion, 5/21/98, at 2.

¶ 7 The question before us is not whether there was notice from the district justice; the question is whether the prothonotary can enter judgment on a transcript that does not contain on its face a date when notice of judgment was given. That is, the issues raised all turn on the facial contents of the transcript, not the question of whether the district justice actually gave notice.

¶ 8 There is no procedural rule requiring such an entry. The Rules require service, to be sure, but no rule requires

service to be memorialized on the transcript. District Justice Rule 402D sets forth the procedure for a judgment to be entered in the county office; filing shall be of a certified "copy of the record of the proceedings containing the judgment," namely, the transcript. The Rule does not prescribe what "proceedings" need be on that transcript, beyond the entry of judgment and the passage of 30 days; specifically, it does not require the copy of the record to include anything about compliance with Rule 324. As the only requirements of the Rule are present, there is no violation of the Rule, and no defect or irregularity appears on the face of the district justice transcript sufficient to preclude entry of judgment.

¶ 9 The transcript is a form with many blanks, intended to facilitate recordation of events relevant to most civil suits before the district justice. While it may be provided by the court system, the transcript form is not a Rule. Its contents are not prescribed by Rule. The existence of a space to memorialize the date of service may be helpful, but nothing demands its completion on pain of invalidating the clear authorization set forth in Rule 402D. If the rest of the form is sufficient to meet the requirements of the Rule, the prothonotary may enter judgment.

¶ 10 The prothonotary entered judgment on a proper transcript, sufficient under the Rules, and provided notice to Stephen pursuant to Rule 236. There being no fatal defect on the face of the record, the trial court properly denied Stephen's petition to strike.

¶ 11 Order affirmed.

¶ 12 OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, J., dissenting:

¶ 1 While the majority view provides a cogent analysis and rationale, I am obliged to differ and therefore, respectfully dissent.

¶ 2  The majority establishes today that a District Justice need only certify a transcript to the Common Pleas Prothonotary showing that a judgment was entered against a defendant at some particular time and that the defendant failed to appeal the judgment within thirty days.  Majority opinion, at 1000.  The majority view also establishes that it is not necessary for a District Justice to show that any of the procedures our Supreme Court has drafted for his guidance have been complied with.  Additionally the majority view establishes that, not only is it not necessary to show on the record that notice of judgment was sent, but that it is not necessary to show that service was made, or that an opportunity for a hearing was given, or that any of the other basic rights we enjoy by virtue of our Constitution have been adhered to.

¶ 3  The majority essentially adopts the rationale of the trial court and holds that, because Pa.R.C.P.D.J. 324 does not specifically require that a district justice note in the transcript when (or even if) notice of judgment was given to a litigant, a transcript that fails to note when (or if) notice was given is not defective.  The majority also holds that, because Pa.R.C.P.D.J. 402 D "does not prescribe what proceedings need be on that transcript, beyond the entry of judgment and passage of thirty days," nothing evidencing compliance with Rule 324 is necessary.  No authority for this reasoning has been cited in the majority's Brandeis memorandum.  I believe, however, that this question demands a more thorough analysis of the principles of notice and due process underlying our system of justice.

¶ 4  The lower court stated:

First, Petitioner complains that the judgment is defective on its face because the District Justice's civil complaint form does not reflect that notice was given.  The court agrees that there is no notation on the form indicating whether or not the District Justice actually sent out the notice as required.  However,

the District Justice did state that thirty days had passed since the date of judgment, and that no appeal had been taken.  In addition, there is no requirement in Rule 324 that the District Justice complete all blanks on the civil complaint form.

Trial court's opinion, 5/21/98, at 2.  The lower court's reasoning suggests both that: (1) the court may infer from the justice's certification stating "thirty days has passed since date of judgment .... no appeal has been taken" that notice was actually given;  and (2) the district justice is not required to place in the record evidence that notice was given.  I cannot agree, and would hold that the district justice's failure to note in the record that Rule 324 notice was given raises the presumption that such notice was not given.

¶ 5  The question before us has not previously been addressed by this Court.  The majority suggests that "[t]he question before us is not whether there was notice from the district justice;  the question is whether the prothonotary can enter judgment on a transcript that does not contain on its face a date when notice of judgment was given."  Majority memorandum, at 1000.  The majority then reasons that, since Pa.R.C.P.J.D. 402 D does not state that the transcript being certified to the court must reflect compliance with Pa. R.C.P.D.J. 423, the prothonotary may enter judgment based on the transcript even though that transcript does not show that the party was ever notified of the judgment.  I believe, however, that even though the Rules of Civil Procedure do not specifically direct that the notice of judgment be recorded, basic constitutional tenets of due process and notice demand that the record reflect proper notification.

¶ 6  Conceptually, this case is not unlike one wherein a default judgment is entered against a party and that party is not permitted to open the judgment, even though the record fails to reveal when and how service of the initial complaint was made.  I establish my position by analogizing this

case to similar cases that consider petitions to strike judgment and that examine the record for defects in giving notice; most notably, cases involving improper service. For instance, in *Sharp v. Valley Forge Medical Center and Heart Hosp.*, 422 Pa. 124, 221 A.2d 185 (1966), our Supreme Court upheld the trial court's striking of a default judgment for faulty service. The affidavit of service attested that service was made upon the defendant by handing a copy of the complaint to "the person for the time being in charge of the place of employment." *Id.* at 186. This form of service violated court rules that permitted substituted service only "at any office or usual place of business of the defendant. . . ." *Id.* at 187. The Court held that this seemingly minor defect, evident on its face, was sufficient to warrant striking the judgment without further inquiry. *Id.* Our Supreme Court most recently affirmed this doctrine in *Scott v. Horn*, 549 Pa. 609, 702 A.2d 848 (1997), where a lower court's order denying a defendant's petition to strike was reversed absent a showing on the record that the party was properly served. *See also Commonwealth v. Stadtfeld*, 445 Pa.Super. 271, 665 A.2d 487 (1995) (lower court's finding that traffic citation itself provided notice of potential license suspension was not buttressed because of absence of citation from record); *Link v. House of Fulmer, Inc.*, 262 Pa.Super. 275, 396 A.2d 752 (1978) (default judgment for execution of judgment properly stricken when record failed to demonstrate that interrogatories were properly served, even though actual notice was received); *cf. Edlis v. County of Allegheny*, 89 Pa.Cmwlth. 209, 492 A.2d 455 (1985) (in petition to strike judgment, evidence on the record of notice by publication sufficient to overcome appellant's assertion of lack of notice).

¶ 7  From these cases I discern the rule that, in considering a petition to strike a default judgment, compliance with every notification requirement reaching the judgment must be conclusively self evident from the record. Since we are only permitted to "look at the facts of record at the time judgment was entered to decide if the record supports the judgment," *Cintas Corp. v. Lee's Cleaning Servs.*, 549 Pa. 84, 700 A.2d 915, 919 (1997), if evidence of compliance with a required notification procedure does not clearly appear on the record, the court cannot presume compliance and a defect therefore exists.

¶ 8  Since I would have found that a defect on the record exists in the instant case, I would next set out to determine whether that defect warrants striking the judgment, *i.e.*, whether it is "fatal" *ab initio* or whether the defect could be cured through some further procedure or by invoking the doctrine of laches. The lower court in the instant case took the latter view:

> Even assuming that the District Justice *did not* send out notice, it is clear that Petitioner is charged with receiving notice from the Prothonotary in February of 1994. The Prothonotary's records indicate that notice was sent, and there is no evidence that the notice was not received. Petitioner waited approximately four years before filing the instant motion to strike. The court determined that any alleged error at the district justice level was cured by the notice sent by the Prothonotary in February 1994. Petitioner should have timely filed her motion after this time.

Trial court's opinion, 5/21/98, at 3. I disagree.

¶ 9  "A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment." *Flynn v. Casa Bertacchi Corp.*, 449 Pa.Super. 606, 674 A.2d 1099, 1105 (1996), *citing Roberts v. Gibson*, 214 Pa.Super. 220, 251 A.2d 799 (1969). A void decree can be attacked in any court, at any time. *Barnes v. McKellar*, 434 Pa.Super. 597, 644 A.2d 770, 773 (1994). Furthermore, defenses based upon irregularities in

the proceedings that implicate the authority to act are not foreclosed by subsequent proceedings. *Roberts*, 251 A.2d at 801, *quoting Knox v. Noggle*, 328 Pa. 302, 196 A. 18, 19–20 (1938).

¶ 10 Authority for the Court of Common Pleas to enter a lien of judgment upon the transcript of a district court judgment is given at 42 Pa.C.S.A. § 1516, which reads in relevant part:

A judgment of a district justice shall not operate as a lien on real property until a transcript of the record showing a final judgment of a district justice has been filed in the manner prescribed by general rules … *No such transcript shall be filed until after 30 days after the entry of final judgment by the district justice.*

*Id.* (emphasis added). Appellant also had a right to appeal the entry of default judgment to the common pleas court within thirty days of the adjudication. *See* Pa. R.C.P.D.J. 1002 A; *Wilkes–Barre Clay Products, Inc. v. Koroneos*, 342 Pa.Super. 582, 493 A.2d 744 (1985) (holding that district justice's judgment by default is appealable to the common pleas court). I would read these interlocking provisions to mean that the common pleas court does not have authority to enter a judgment upon a district court's transcript until the aggrieved party has exercised her right of appeal, either by filing appeal within the time allotted or by waiving it. Appellant is guaranteed her right of appeal before the judgment becomes executable.

¶ 11 The time set for appeal is fixed by the legislature and the judiciary has little power to alter that time. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). However, appeals may be granted *nunc pro tunc* after the statutory time has lapsed when a party is prevented from filing a timely appeal due to the negligence of a court official or a breakdown within the court system. *Labriola v.*

*Renovations Unlimited, Inc.*, 408 Pa.Super. 143, 596 A.2d 232 (1991); *Goldberg v. Goldberg*, 315 Pa.Super. 333, 461 A.2d 1307, 1309 (1983); *Conrad v. Kemmerer*, 301 Pa.Super 410, 447 A.2d 1032, 1034 (1982). We have previously found that the amount of time that lapses between entry of the district justice's judgment and notice of the judgment given to the appellant may vary from case to case and, *absent a showing of prejudice*, untimely notice is not *per se* grounds for granting appeal *nunc pro tunc. See, e.g., Labriola, supra* (six days lapse); *Goldberg, supra* (six days lapse); *Conrad, supra* (eight days lapse).

¶ 12 Here, appellant's time to appeal as of right was not truncated by a few days or even a few weeks because of untimely notice; her right to a *de novo* appeal to the common pleas court was obliterated entirely because the district justice failed to notify her that the judgment had been entered against her. Appellant was unquestionably prejudiced by the district justice's negligence. Perforce, appellant would have been entitled to a grant of appeal *nunc pro tunc* had she filed a petition for such once she became aware of the district court's judgment. However, the common pleas court's entry of the judgment upon the district court's transcript before appellant received actual notice of the judgment forestalled any opportunity for her to petition for appeal *nunc pro tunc.* The prejudice to appellant became absolute with the common pleas court's entry of judgment and execution of the lien on her property.[1]

¶ 13 We have previously found that entry of a default judgment based upon a defective record that prejudices a party warrants striking. *See Link*, 396 A.2d at 754. Since the transcript filed with the prothonotary shows that the district justice failed to comply with the notification procedures intended to protect appellant's

---

1. I do not agree with the lower court that the notice of entry of judgment sent to appellant by the common pleas prothonotary on February 3, 1994, served to cure the district jus-

tice's defect. As previously noted, a defect that goes to the authority of the court to enter a judgment may be stricken at any time. *See Flynn, supra.*

statutory right of *de novo* appeal, to appellant's absolute prejudice, I believe that the judgment must be stricken. I also agree with appellant that the remedy here is to "ensure that the party who was entitled to notice is not prejudiced." *Duffy v. Gerst*, 286 Pa.Super. 523, 429 A.2d 645, 649 (1981). Therefore, I would remand and direct the trial court to issue an order granting appellant thirty days within which to file a *de novo* appeal of the district justice's default judgment *nunc pro tunc*.[2]

---

**2.** For clarification's sake, I note that appellant is not seeking to have the judgment of the district justice stricken. Rather, appellant seeks to have the common pleas judgment of lien based upon the transcript of the district justice's judgment stricken. By striking the judgment of lien and remanding, I would place appellant in the same position she would have been in immediately following the district justice's default judgment, when she would have had the opportunity to appeal to the common pleas court had she received proper notice.