J-S43032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL D. ROBINSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN HUTCHINSON | : | No. 831 MDA 2023 |

Appeal from the Order Entered April 20, 2023
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-23-01625

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: APRIL 5, 2024**

Appellant, Michael D. Robinson (Plaintiff), *pro se*, appeals from the order of the Court of Common Pleas of Lancaster County (trial court) that barred his appeal from a judgment of a magisterial district court as untimely.  After careful review, we affirm.

Plaintiff filed a claim in magisterial district court on December 12, 2022 against Kevin Hutchinson (Defendant) seeking damages of $1,505.87 for a deficient computer repair.  On January 27, 2023, the magisterial district court entered judgment in favor of Defendant.  MJD Judgment.  On March 9, 2023, Plaintiff filed a notice of appeal from this judgment in the trial court.  Defendant filed a praecipe to strike the appeal on the ground, *inter alia*, that

_____

[*] Retired Senior Judge assigned to the Superior Court.

it was filed more than 30 days after the magisterial district court judgment and the prothonotary struck the appeal on March 24, 2023. Docket Entries at 2. On April 11, 2023, Plaintiff filed a petition to reinstate his appeal from the magisterial district court judgment. The trial court denied the petition to reinstate the appeal on April 20, 2023, concluding that Plaintiff had not shown grounds sufficient to permit an untimely appeal. Plaintiff timely appealed to the Commonwealth Court, which transferred the appeal to this Court.

Plaintiff raises the following single issue in this appeal:

Whether the trial court correctly dismissed plaintiff's magisterial district court appeal for failing to file a timely appeal.

Appellant's Brief at 1 (unnecessary capitalization omitted). We conclude that the trial court properly denied Plaintiff's petition to reinstate his appeal on the ground that the appeal was untimely.

Rule 1002(A) of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges provides:

A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal the judgment within 30 days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form that shall be prescribed by the State Court Administrator together with a copy of the Notice of Judgment issued by the magisterial district judge. The prothonotary shall not accept an appeal from an aggrieved party that is presented for filing more than 30 days after the date of entry of the judgment without leave of court and upon good cause shown.

Pa.R.Civ.P.M.D.J. 1002(A). Because the magisterial district court judgment was entered on January 27, 2023, the 30-day period for appealing that

judgment to the trial court expired on February 27, 2023.[1]  Plaintiff's appeal, filed on March 9, 2023, was therefore clearly untimely.

Plaintiff does not dispute that his appeal was untimely but argues that untimeliness should have been excused. The only ground for permitting an untimely appeal that Plaintiff argued to the trial court was that his lack of financial resources made him unable to pay the filing fee.  Plaintiff's 3/9/23 Motion for Permission to File Late Appeal; Plaintiff's Petition to Reopen.  This is an insufficient basis for allowing his late appeal.

Mere hardship is not a sufficient ground to permit a party to file an appeal beyond Rule 1002's 30-day deadline.  *Amicone v. Rok*, 839 A.2d 1109, 1113 (Pa. Super. 2003); *Goldberg v. Goldberg*, 461 A.2d 1307, 1308-09 (Pa. Super. 1983).  Rather, in a civil case, such as this, a court may allow such an appeal only if the delay in filing is caused by extraordinary circumstances involving fraud or a breakdown in the court's operation. *Amicone*, 839 A.2d at 1113; *Goldberg*, 461 A.2d at 1309.  Plaintiff has not alleged any such fraud or breakdown in court operations.  He does not claim that he made any attempt to timely file his appeal that was rejected by the trial court or that he did not receive the magisterial district court judgment. Nor does Plaintiff assert that he was misled concerning the requirements for or deadline for filing the appeal.  To the contrary, the magisterial district court

---

[1] The 30-day period extended to February 27, 2023 because the 30th day, February 26, 2023, was a Sunday.  Pa.R.J.A. 107(a)-(b).

judgment correctly advised Plaintiff that "[a]ny party has the right to appeal within 30 days after the entry of judgment by filing a Notice of Appeal with the Prothonotary/Clerk of the Court of Common Pleas, Civil Division." MJD Judgment (unnecessary capitalization omitted).

Because Plaintiff's appeal from the magisterial district court judgment was untimely and he did not show any extraordinary circumstances involving fraud or a breakdown in court operations, the trial court correctly denied Plaintiff's petition to reinstate his appeal. We therefore affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/05/2024