645 A.2d 944

## CHARTIERS INDUSTRIAL AND COMMERCIAL DEVELOPMENT AUTHORITY, Mosites Park West Associates/Giltspur–Pittsburgh

v.

## The ALLEGHENY COUNTY BOARD OF PROPERTY ASSESSMENT, APPEALS AND REVIEW.

### Appeal of WEST ALLEGHENY SCHOOL DISTRICT, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided July 12, 1994.

Petition for Allowance of Appeal Denied Dec. 15, 1994.

W. Theodore Brooks and David P. Hvizdos, for appellant.

Eugene J. Reinbold, for appellees.

Before COLINS and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

West Allegheny School District (District) petitions for review of an order of the Court of Common Pleas of Allegheny County which denied the District's motion to strike an order of settlement and discontinuance. We affirm.

In 1990, the Board of Property Assessment, Appeals and Review of Allegheny County (Board) increased the tax assessment of property owned by Mosites Park West Associates/Giltspur–Pittsburgh (taxpayers). The taxpayers' appeal was filed with the Board and was subsequently denied.

Thereafter, the taxpayers filed an appeal[1] with the trial court who assigned the case to the Board of Viewers of Allegheny County to conduct conciliation. The Board of Viewers sent notices of all conciliations, including the third conciliation meeting of January 28, 1993, to each of the taxing bodies including the District. All representatives, except those of the District and the Township of Findlay, were present. At the conciliation, a reduced assessment for the years 1990 through 1993 was agreed upon. Shortly thereafter, on February 2, 1993, the trial court signed an order of settlement and discontinuance reflecting the agreed-upon settlement of the January 28, 1993 final conciliation, which order was sent to the District. No appeal was filed within thirty days after the entry of the trial court's order of February 2, 1993. On May 2, 1993, the District filed its motion to strike the order of settlement.

The District, alleging that it was not notified of this final conciliation on January 28, 1993, filed a motion to strike with the trial court to have this final conciliation invalidated.

■ The trial court denied the District's motion as it failed to establish that the order of settlement and discontinuance was entered in error.[2] The trial court based its decision on its determination that the District had indeed received notice and additionally, that the District had failed to file its motion to strike within thirty days.

1. The District and Township were sent copies of notice and appeal and notice to defend, but chose not to enter an appearance or file a pleading in response to the appeal.

2. A motion to strike a judgment is in the nature of a demurrer directed to defects in the record. Such a motion will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the motion to strike must be denied. *Edlis v. County of Allegheny,* 89 Pa.Commonwealth Ct. 209, 492 A.2d 455 (1985) (citations omitted).

■ The District essentially raises two issues on appeal.[3] First, the District argues that it did not receive notice of the rescheduled conciliation set for January 28, 1993. Secondly, District argues that it was error for the order of settlement and discontinuance to be granted without its approval of the conciliation.

The District alleges that the trial court committed error by ruling that notice was indeed served upon the District. We disagree. The taxpayers counter, and argue that the District's attorney was sent notice of the January 28, 1993 conciliation.[4]

■ This Court has ruled that under the "mailbox rule," proof of mailing raises a rebuttable presumption that the item mailed was received. *Department of Transportation, Bureau of Driver Licensing v. Grasse*, 146 Pa.Commonwealth Ct. 17, 606 A.2d 544 (1991).[5] It is well settled that this presumption is not negated solely by testimony that notice was not received. *Berkowitz v. Mayflower Securities, Inc.*, 455 Pa. 531, 317 A.2d 584 (1974). *See also Department of Transportation v. Brayman Construction Corp.–Bracken Construction Co.*, 99 Pa.Commonwealth Ct. 373, 513 A.2d 562 (1986).

The record, in this case, is devoid of any evidence, other than a denial, that notice was received. As this Court has continually ruled, notice, therefore, has been sent and is presumed to have been received by the District.

■ The District's second argument asserts that the trial court's order of settlement and discontinuance is invalid on its face as all parties in interest were not present; and all parties

3. Our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Edlis.*

4. This document is from the Court of Common Pleas of Allegheny County, Board of Viewers, Civil Division, and is signed by John M. Flaherty, Laymaster of the Board of Viewers. On the bottom left-hand corner of the document, it reads, "Notices sent to:" and lists five names including that of David P. Hvizdos, Esq., who is counsel for District.

5. Additionally, when notice is mailed to party's last known address and is not returned by the post office, the party is presumed to also have received notice. *John Kenneth, Ltd. v. Unemployment Compensation Board of Review*, 66 Pa.Commonwealth Ct. 377, 444 A.2d 824 (1982).

must assent to the settlement agreement for it to be valid. We disagree.

As an "interested party," [6] the District has a right to participate in all phases of litigation. However, this right can be waived by failure to appear when properly served.

As previously discussed, the record clearly reveals proof that the District was sent notice. As the District failed to overcome the presumption of notice being sent, their absence at the conciliation of January 28, 1993 is dispositive of its choice to not participate in the outcome of the proceeding.

Accordingly, we affirm the decision of the Court of Common Pleas of Allegheny County.

## ORDER

AND NOW, this 12th day of July, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

6. Rule 502 of the Allegheny County Rules identifies an appellant in a real estate tax assessment action as that party who files the appeal, and the appellee as the Board of Property Assessment, Appeals and Review and that all other parties *"shall"* be listed as *interested parties.*