**Jagco Inc. v. Donald and Domenic Mente Partnership**

C.P. of Berks County, no. 99-8603.

*William E. Gericke,* for appellant.
*Joseph A. O'Keefe,* for appellee.

STALLONE, *J.,* June 2, 2000—This is a breach of contract action arising out of the construction by the appellant, Jagco Inc., of an automobile dealership building for the appellee, Donald and Domenic Mente Partnership, in Maxatawny Township. Jagco commenced this action by filing a complaint to which the partnership filed an answer and new matter. In its new matter, the partnership averred that it had a right to a setoff against any recovery by Jagco on its underlying claim against the partnership. Jagco filed a reply to the partnership's new matter.

On January 26, 2000, the partnership filed a motion for partial summary judgment averring that Jagco's reply to the factual allegations set forth in the partnership's new matter consisted of general denials which constitute admissions under Pa.R.C.P. 1029(b) and, therefore, it was entitled to judgment in its favor on its claim for a setoff in the amount of $220,000.

Attached to the motion for partial summary judgment was a certificate of service which was signed by Joseph A. O'Keefe, Esquire, attorney for appellee, which read as follows:

"Certificate of Service

"I, Joseph A. O'Keefe, Esquire, certify that I served a certified copy of the foregoing pleading upon the following counsel on the date set forth below, by regular United States Mail and as follows:

"William E. Gericke, Esquire

"1900 Market Street

"The Atrium

"Philadelphia, PA 19103

"Attorney for plaintiff

"Dated this 25th day of January, 2000

"BY: /s/ Joseph A. O'Keefe

"Joseph A. O'Keefe

"O'Keefe & Sher"

The service of the certified copy of the motion for partial summary judgment upon counsel for Jagco was accompanied by the following transmittal letter which has been filed with this court:

"January 26, 2000

"William E. Gericke, Esquire

"1900 Market Street, The Atrium

"Philadelphia, PA 19103

"Re: Jagco Inc. v. Donald and Domenic Mente Partnership, court of common pleas no. 99-8603

"Dear Mr. Gericke:

"Enclosed for service, please find a true and correct copy of defendant's motion for partial summary judgment filed in Berks County Court for the above referenced matter.

"In the event you have any questions or concerns, please do not hesitate to contact me.

"As always,

"Sincerely,

"By: /s/ Joseph A. O'Keefe KAT

"Joseph A. O'Keefe

"O'Keefe & Sher

"JO'K/kat

"Enclosure"

Pa.R.C.P. 1035.3(a) required Jagco to file a written response to this motion for partial summary judgment within 30 days after the date of service identifying evidence in the record sufficient to create a genuine issue

of material fact relative to the allegations contained in the partnership's new matter. Rule 1035.3(a) reads as follows:

"(a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced."

On February 29, 2000, the partnership filed another motion with this court asking that it grant the partnership's motion for partial summary judgment due to Jagco's failure to respond thereto pursuant to Pa.R.C.P. 1035.3(d), which reads as follows:

"(d) Summary judgment may be entered against a party who does not respond."

This court, after waiting almost a week, reviewed the entire official record to determine whether a response had been filed by Jagco and finding that there was none, entered the following order granting the partnership's motion for partial summary judgment:

"And now, March 6, 2000, upon consideration of the defendant's motion for partial summary judgment and the plaintiff having failed to respond thereto, the same is hereby granted. Pa.R.C.P. 1035.3(d).

"Accordingly, judgment is hereby entered in favor of the defendant, Donald and Domenic Mente Partnership, and against the plaintiff, Jagco Inc., in the amount of $220,000 but only as a "setoff" against any amount recovered by the plaintiff in this action and not as an amount due and owing by the plaintiff to the defendant."

It is undisputed that Pa.R.C.P. 1035.3(d) vests a trial court with the authority to enter judgment in favor of the moving party when the non-moving party fails to respond to a motion for summary judgment. *Payton v. Pennsylvania Sling Co.*, 710 A.2d 1221 (Pa. Super. 1998); *Smitley v. Holiday Rambler Corp.*, 707 A.2d 520 (Pa. Super. 1998). Therefore, the sole issue is whether this court abused its discretion and/or erred as a matter of law in granting the partnership's motion for partial summary judgment.

In the exercise of our sound discretion, we determined that judgment was appropriate on March 6, 2000, inasmuch as the certificate of service filed of record clearly stated that a copy of the motion was served upon Jagco at the address of Jagco's counsel on January 25, 2000; and, it is well settled, as a matter of Pennsylvania law, that the depositing of the same properly addressed at the post office, which is not returned, raises a presumption that it reached its destination. *Berkowitz v. Mayflower Securities Inc.*, 455 Pa. 531, 317 A.2d 584 (1974); *Chartiers Industrial and Commercial Development Authority v. Allegheny County Board*, 165 Pa. Commw. 671, 645 A.2d 944 (1994).

And although Jagco filed a motion for reconsideration of our March 6, 2000 order on March 29, 2000, in which it avers that its counsel did not receive a copy of

the motion for partial summary judgment until February 22, 2000, and, in support thereof, attaches a sworn affidavit from the secretary of its counsel, that also avers that when they received it the motion was not accompanied by a certificate of service or a transmittal letter, the fact of the matter is that on March 31, 2000, before this court could take any action on the motion for reconsideration, Jagco filed a direct appeal to the Superior Court of Pennsylvania from this court's March 6, 2000, order, thereby depriving this court of any further subject matter jurisdiction. Pa.R.A.P. 1701.

Accordingly, we affirm our order granting the partnership's motion for partial summary judgment and respectfully urge the Superior Court of Pennsylvania to deny this appeal.