John R. SCOTT, d/b/a Scott Moving & Storage Co., and Scott Moving & Storage Co., a Delaware Corporation, Defendants below, Appellants,

v.

George H. DRAPER, III and Dorothy Draper, Plaintiffs below, Appellees.

Supreme Court of Delaware.

Submitted Jan. 14, 1977.

Decided Feb. 4, 1977.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for defendants-appellants.

Roger P. Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs-appellees.

Before HERRMANN, C. J., DUFFY, J., and MARVEL, Chancellor.

PER CURIAM:

This appeal is from a Superior Court order entered on a jury verdict for plaintiffs in the amount of $15,000 on a claim arising from damage to personal property stored for a fee at defendants' warehouse.

Defendants argue that the verdict was against the nature and weight of the evidence and is a compromise which should be set aside. Upon review of the record that contention appears to be without merit. We have, however, concluded that the appeal must be dismissed because the Court is without jurisdiction to consider it.

The Superior Court judgment was entered on June 24, 1975 and the appeal was docketed on July 25, 1975. The time between judgment and appeal was thus thirty-one days. Supreme Court Rule 27(3). The statutory time within which an appeal may be docketed after a final judgment order of Superior Court is thirty days. 10 *Del.C.* § 148.

Perfection of the appeal within the statutory period is a necessary condition to this Court's jurisdiction. *Preform Building Components, Inc. v. Edwards,* Del.Supr., 280 A.2d 697 (1971). Since this appeal was not docketed within the permissible time, it

follows that the Court is without jurisdiction to consider it. For this reason, the appeal must be dismissed.*

---

* Prior to presentation of the merits, defendants filed a motion to dismiss the appeal on the basis now determined to be dispositive. The motion was denied, subject to reconsideration as is often done to avoid fragmenting the appeal, and counsel thereafter briefed the issue with the merits. See Supreme Court Rule 19.