**SALOMON, INC., Defendant and Counter–Plaintiff Below, Appellant,**

v.

**STEUART PETROLEUM COMPANY, Plaintiff and Counter–Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 27, 1989.

Decided: Nov. 21, 1989.

Michael D. Goldman, William J. Marsden, Jr. and Stephen C. Norman, Potter, Anderson & Corroon, Wilmington, for appellant.

Howard M. Handelman and Douglas R. MacGray, Bayard, Handelman & Murdoch, P.A., Wilmington, for appellee.

CHRISTIE, Chief Justice:

This appeal is from a judgment of the Superior Court containing a ruling against the appellant, Salomon, Inc. The Supreme Court issued to appellant an order to show cause why its appeal should not be dismissed as untimely. Appellee, Steuart Petroleum Company, also filed a motion to dismiss the appeal on the ground that Salomon failed to file a timely notice of appeal. This Court finds that the appeal was timely and discharges the order to show cause and denies the motion to dismiss.

On August 21, 1989, the Superior Court issued an order in which it found that judgment was to be entered against the appellant, Salomon, Inc. On September 1, 1989, the order was entered on the docket sheet in Superior Court. On September 22, 1989, appellant, Salomon, Inc., filed and served a notice of appeal to this Court. Because the

---

appeal was listed as being from an order dated August 21, 1989, this Court issued to Salomon an order to show cause why its appeal should not be dismissed as untimely.

Salomon responded to the order to show cause by contending that since the order of the Superior Court was *docketed* on September 1, 1989 (even though judgment was announced on August 21), its notice of appeal was timely, it having been filed 21 days after the order appealed from was docketed. See Supreme Court Rule 6[1].

Steuart filed a motion to dismiss the appeal on the same grounds on which this Court had issued its order to show cause (i.e., failure to timely file a notice of appeal). Steuart did not argue that the appeal was untimely under Supreme Court Rule 6, but, rather, that the appeal did not comply with the requirements of 10 *Del.C.* § 148.[2] Steuart contends that since the date of judgment was August 21, 1989 and the date of the notice of appeal was September 22, 1989, the appeal was not filed within the 30–day period prescribed by 10 *Del.C.* § 148 and that the statute must govern.

In Salomon's response to Steuart's motion to dismiss, Salomon contends that no inconsistency exists between Rule 6 and 10 *Del.C.* § 148 because, in effect, Rule 6 serves to define the phrase "date of the judgment" as it appears in 10 *Del.C.* § 148 by specifying that the date of the judgment is in fact the date the judgment is entered on the docket. Steuart, in turn, contends that 10 *Del.C.* § 148 supersedes Rule 6.

This Court rules that 10 *Del.C.* § 148 and Rule 6 are consistent. The Delaware Code states that "[n]o appeal from a final judgment of the Superior Court in a civil action shall be received ... unless the ... notice of appeal is duly filed ... within *30 days after the date of the judgment* or decree." 10 *Del.C.* § 148 (emphasis added). Supreme Court Rule 6 provides that a notice of appeal must be filed "[w]ithin *30 days after entry upon the docket of a judgment,* order or decree from which the appeal is taken...." (emphasis added).

Therefore, Rule 6 explains the meaning of "date of the judgment," but does not conflict with the terms of the statute. Thus, under Delaware law and procedure, the date of the order of judgment for the purpose of an appeal is the date that it is entered on the docket of the Superior Court. *See Scott v. Draper,* Del.Supr., 371 A.2d 1073 (1977) (timeliness of an appeal is calculated from the date the judgment is "entered"). *See also Security Storage Co. v. Weiss,* Del.Supr., 280 A.2d 534 (1971) (in interpreting 10 *Del.C.* § 148 and the "old" Supreme Court Rule 23, the date upon which judgment is entered, rather than the date on which the judge signs the direction that it be entered, is the controlling date).

The order to show cause is DISCHARGED, and appellee's motion to dismiss is DENIED.

---

**1.** Supreme Court Rule 6 states:

A notice of appeal shall be filed in the office of the Clerk of this Court as follows: (1) Within 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken in a civil case except as to appeals controlled by § 146 of Title 10; (2) within 30 days after a sentence is imposed in a direct appeal of a criminal conviction; and (3) within 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief. In any civil action in which a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 15 days after the date on which the first notice of appeal was filed, or within 30 days after entry of the judgment or order from which the appeal is taken, whichever is later.

**2.** 10 *Del.C.* § 148 states:

No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree.