### CONSOLIDATED BISCUIT CO., Plaintiff(s)

v.

### William KARPEN, Defendant(s)

### No. 3:00CV7703.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 23, 2001.

Erica G Silk, Henry N Heuerman, Eastman & Smith, Toledo, OH, for Consolidated Biscuit Co., Plaintiff.

Catherine H Killam, Nathan & Roberts, Toledo, OH, H. Buswell Roberts, Jr., Shumaker, Loop & Kendrick, Toledo, OH, for William Karpen, Defendant.

## ORDER

CARR, District Judge.

This is an action by Consolidated Biscuit Company to vacate an arbitrators' award. The award was upheld, and the prevailing party in the arbitration, the defendant in this case, William Karpen, has filed motions to alter or amend judgment, amend that motion, and for attorneys' fees. For the reasons that follow, the motions shall be granted. If the parties are unable to agree on the amount of fees, further proceedings will be held to determine that amount.

The arbitrators found that Consolidated breached its obligation to compensate Karpen, and awarded him $232,836, plus interest of $25,174, and attorneys' fees of $22,800. The total award was $280,810. That award was upheld by this court; my order made, however, no provision for prejudgment interest.

Under Illinois law, which is controlling in this case, arbitration awards are subject to the statutory rate of interest from "the date of the judgment." Ill. Comp. Stats. Ann. § 735 § 5/2–1303. Consolidated asserts that the trigger date for computing prejudgment interest is the date it received a copy of the arbitrators' award; Karpen asserts that the date on which the

arbitrators entered their award triggers the interest obligation.

■ Other courts have interpreted the "date of judgment" as the date on which a court makes or enters its decision, rather than the date of either mailing, *Labriola v. Renovations Unlimited, Inc.*, 408 Pa.Super. 143, 596 A.2d 232, 233 (1991), or receipt, *Salomon, Inc. v. Steuart Petroleum Co.*, 567 A.2d 402, 403 (Del.1989); *Goldberg v. Goldberg*, 315 Pa.Super. 333, 461 A.2d 1307, 1308 (1983), of notice of the decision. This is a sensible approach, because it fixes with certainty the date by which a notice of appeal is to be taken, rather than allowing such date to depend on the vagaries of sending or receiving mail. Prejudgment interest shall, accordingly, run from the date on which the arbitrators entered their award, rather than the date on which Consolidated received notice of that award.

Consolidated also argues that, regardless of the trigger date for computing interest, Karpen cannot receive prejudgment interest on that portion of the arbitrators' award that granted him interest on the underlying amount he was to receive under the award. Karpen, in response, asserts that to deny him interest on the interest portion of the arbitrator's award creates a "gap of time" during which interest would not accrue.

■ I agree with Karpen that Illinois law, which opposes interest-free gaps on judgment awards, *see Illinois State Toll Highway Auth. v. Heritage Std. Bank & Tr. Co.*, 157 Ill.2d 282, 193 Ill.Dec. 180, 626 N.E.2d 213, 221 (1993), would, in all likelihood, allow prejudgment interest in this case to cover not only the substantive portion of the arbitrators' award, but the interest awarded thereon as well.

Consolidated also argues that interest should not be paid on that portion of the award that compensates Karpen for his attorneys' fees. I agree with Karpen that, just as he is entitled to prejudgment interest in this case on not only the underlying substantive award and the interest thereon, he is also entitled to prejudgment interest in this case on that portion of the award that granted him his attorneys' fees.

The arbitrators entered a unitary award in Karpen's favor, that award, now reduced to judgment in this court, has not been paid, and Consolidated should not be encouraged in its prolongation of this dispute, and refusal to pay the award, by relieving it to any degree, however slight in relative terms, of its obligation to pay interest on the entire award. Karpen's motion to alter or amend judgment to grant him interest on the full award returned by the arbitrators shall be granted.

Karpen seeks leave to amend his motion to alter or amend to restate more precisely the daily computation of the interest to which he is entitled. That motion shall be granted, because the restated amount will calculate more accurately the amount of interest to which Karpen is entitled.

Consolidated opposes Karpen's motion for attorneys' fees on the basis that the motion, which has been made under Fed. R.Civ.P. 54(d)(2)(A), is barred by Karpen's failure to have sought such award in his complaint in this action. Consolidated points out that the source for Karpen's entitlement to fees is the parties' contract, pursuant to which the arbitrators awarded fees. Therefore, according to Consolidated, Rule 54(d)(2)(A) cannot be a basis for an award of fees in this action, because that rule, by its own express terms, is not available where the "substantive law [i.e., the parties' contract and its fee provision] governing the action provides for the recovery of such fees as an element of damages to be proved at trial."

Consolidated relies on *Clarke v. Mindis Metals, Inc.,* 1996 WL 616677, *7 (Unpublished Disposition) (6th Cir. Oct 24, 1996) to support its position. In that case, the court held that attorneys' fees could not be recovered under Rule 54(d)(1)(A) where the prevailing party based its entitlement to such fees on the terms of a lease. The court noted the statement in the Advisory Committee Notes Rule 54(d)(1)(A) does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." *Id.* at *7 (quoting Fed.R.Civ.P. 54(d)(2) Advisory Committee Note (1993)).

I agree with Karpen that Consolidated misperceives the nature of Karpen's demand in this action, which is for the fees incurred to enforce the award, rather than to enforce the terms of the contract itself. The Advisory Committee Note refers to "issues to be resolved by a jury": when a district court reviews an arbitrator's award, there is no fact-finding, much less fact-finding by a jury. Instead, review is limited. Rule 54(d)(1)(A) is, therefore, inapplicable to the instant fee petition.

■ Though Karpen's claim for fees derives from his contract with Consolidated, he seeks to recover solely for work on this case in this court. His claim does not require construction of the underlying contract: Karpen is entitled to fees here, as he was before the arbitrators. All that is in dispute is the amount of such award. This is an issue, accordingly, that is collateral to the issue of the enforceability of the arbitrators' award. *Brown v. Local 58, Intern. Broth. of Elec. Workers, AFL–CIO,* 76 F.3d 762, (6th Cir.1996) ("The Supreme Court has repeatedly held that 'a request for attorney's fees ... raises legal issues collateral to the main cause of action.'"). This court is the proper forum in which to determine Karpen's entitlement to fees, and a motion under Rule 54(d)(1)(A) is the proper procedure for seeking an award of fees for work done in this proceeding.

■ Consolidated next argues that Karpen's motion failed to specify the amount of fees being sought or that such amount is reasonable. Instead, Karpen asks for a further hearing on the amount of the award. There is nothing improper about taking two steps, as Karpen has done, to get to the final determination. Having been held to be entitled to an award, Karpen can now take the second step of filing a statement for his services and supporting data and memorandum showing that the services were reasonable.

Finally, Consolidated argues that Karpen was not the prevailing party as to many of the issues litigated in this proceeding, and that the amount of fee recovery should be limited to the extent of his success. Those objections are premature, because we have not reached the second step of this proceeding. They can be renewed once Karpen specifies the precise amount of fees being sought and show cause why it should be awarded to him as the prevailing party, and is reasonable.

In light of the foregoing, it is

ORDERED THAT:

1. Defendant Karpens' motions to amend judgment, amend the motion to amend judgment and for an award of attorneys' fees, and the same hereby are granted;

2. Judgment to be entered for Karpen and against Consolidated Biscuit Company, with prejudgment interest to be computed from the date of the arbitrators' award at the rate of nine percent per annum as to the total award; and

3. If the parties cannot agree as to the amount of fees relative to this proceeding, Karpen shall file a statement for the

fees being sought and memorandum in support on or before November 15, 2001; plaintiff's opposition to be filed by November 30, 2001; Karpen's reply to be filed by December 11, 2001.

So ordered.