**Byron A. CROWE, Plaintiff,**

v.

**J.P. BOLDUC, Defendant.**

**No. CIV. 01–260–P–DMC.**

United States District Court,
D. Maine.

Sept. 25, 2003.

John M.R. Paterson, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, Jennifer D. Sawyer, Bernstein, Shur, Sawyer & Nelson, Augusta, ME, for Plaintiff.

Michael Joseph Gartland, Marcus, Clegg & Mistretta, P.A., Regan M. Hornney, Marcus, Clegg & Mistretta, P.A., Portland, ME, for Defendant.

## ORDER ON MOTION FOR ATTORNEY FEES

DAVID M. COHEN, United States Magistrate Judge.

Plaintiff Byron A. Crowe moves pursuant to Federal Rule of Civil Procedure 54(d)(2) for an award of attorney fees pursuant to a guaranty executed in favor of Crowe and his wife, Ruth Crowe, by defendant J.P. Bolduc and a non-party, Crowe Rope Industries Limited Liability Company, on December 15, 1995. *See* Plaintiff's Motion for Award of Attorney's Fees ("Motion") (Docket No. 55); Guaranty dated December 15, 1995 ("Guaranty"), attached as Exh. 1 to Defendant's Objection to Plaintiff's Motion for Award of Attorney's Fees, etc. ("Objection") (Docket No. 58). For the following reasons, the Motion is granted:

1. Rule 54(d)(2)(A) provides in its entirety: "Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." There is no dispute that the substantive law governing this action is that of the state of Maine. *See* Objection at [1]; Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Award of Attorneys' Fees ("Reply") (Docket No. 63) at 6–7.

2. Under Maine law, "[t]he interpretation of an unambiguous written contract is a question of law for the Court; the interpretation of ambiguous language is a question for the factfinder." *Portland Valve, Inc. v. Rockwood Sys. Corp.*, 460 A.2d 1383, 1387 (Me.1983). "The issue of whether contract language is ambiguous is a question of law for the Court." *Id.*

3. The Guaranty unambiguously provides for reimbursement of reasonable attorney fees and expenses incurred by Crowe in the instant action. The Guaranty both (i) incorporates by reference one of the two agreements central to the instant action (the so-called "Agreement")—thus rendering it part of the Guaranty—and (ii) provides that "Bolduc agrees to pay all o[sic] the Crowe's [sic] reasonable legal fees, costs and expenses in ... enforcing this Guaranty." *See* Guaranty ¶¶ 3–4; Agreement dated December 8, 1995 by and between J.P. Bolduc, Byron A. Crowe and Ruth Crowe ("Agreement"), attached as Exh. 2 to Objection, at 4, ¶ 6 (creditor-suit indemnity provision); Letter dated December 8, 1995 from J.P. Bolduc to Byron A. Crowe and Ruth Crowe ("Letter Agreement"), attached as Exh. 3 to Objection, at 2 (creditor-suit indemnity provision); Complaint, attached as Exh. 1 to Notice of Removal (Docket No. 1), ¶¶ 10–11 (referencing creditor-suit indemnity provisions of Agreement and Letter Agreement).

4. Inasmuch as the relevant Guaranty provision is unambiguous, no question of its interpretation was required pursuant to Maine law to be submitted to a trier of fact. *See Portland Valve,* 460 A.2d at 1387; *see also, e.g., Eastern Trading Co. v. Refco, Inc.,* 229 F.3d 617, 626–27 (7th Cir.2000) (demand for attorney fees not a "triable issue," and hence its omission from pretrial order not a waiver, in case in which contractual entitlement to fees was clear; "The issue of attorneys' fees (including amount) was therefore an issue to be resolved after the trial on the basis of the judgment entered at the trial, just as in cases in which statutory rather than contractual entitlements to attorneys' fees are involved.") (citations omitted); *Consolidated Biscuit Co. v. Karpen,* 170 F.Supp.2d 782, 785 (N.D.Ohio 2001) (motion for attorney fees appropriately made pursuant to Rule 54(d)(2)(A) when, although "Karpen's claim for fees derives from his contract with Consolidated, he seeks to recover solely for work on this case in this court. His claim does not require construction of the underlying contract .... All that is in dispute is the amount of such award."). Thus, for purposes of Rule 54, the substantive law governing this action does not "provide[ ] for the recovery of [attorney] fees as an element of damages to be proved at trial."

5. Crowe did not waive his right to seek attorney fees by virtue of his omission of mention of them from his complaint. Even assuming *arguendo* that the First Circuit would categorize attorney fees as "items of special damages" that must be specifically plead pursuant to Federal Rule of Civil Procedure 9(g) on pain of waiver, the court has shown willingness to relax such plead-or-waive rules in appropriate circumstances. *See, e.g., Williams v. Ashland Eng'g Co.,* 45 F.3d 588, 593 (1st Cir.1995), *abrogated on other grounds by Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.,* 215 F.3d 136 (1st Cir.2000) ("Where, as here, a plaintiff clearly anticipates that an issue will be litigated, and is not unfairly prejudiced when the defendant actually raises it, a mere failure to plead the defense more particularly will not constitute a waiver."); *see also, e.g., Crosby v. Old Republic Ins. Co.,* 978 F.2d 210, 211 n. 1 (5th Cir.1992) (noting that any pleading defect caused by party's failure to plead for attorney fees under Rule 9 was cured by advancing the claim during the pretrial conference).

6. Crowe represents, and Bolduc does not dispute, that during Crowe's deposition counsel for both parties engaged in a colloquy concerning Crowe's intention to seek attorney fees post-trial pursuant to Rule 54. *See* Motion at 3 n. 3; Objection at 6 n. 9. Crowe again raised the issue in his pretrial memorandum, and Bolduc acknowledged its existence in his. *See* Plaintiff's Pretrial Memorandum (Docket No. 22) at 2; Defendant's Final Pretrial Memorandum (Docket No. 21) at 2. Inasmuch as Bolduc was put clearly, and early, on notice of Crowe's intention to file the instant motion, enforcement of the plead-or-waive rule would serve no useful or fair purpose in this case. I therefore deem the pleadings amended pursuant to Federal Rule of Civil Procedure 15(b). *See* Fed. R.Civ.P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Conjugal Partnership v. Conjugal Partnership,* 22 F.3d 391, 400 (1st

Cir.1994) ("[W]hen an affirmative defense that has not been raised in the pleadings has actually been tried by implied consent of the parties, the court must treat the defense as if it had been raised in the original responsive pleading.").[1]

7. Bolduc does not contest the reasonableness of the amount sought (a total of $67,872.50, comprising $65,316.00 in legal fees and $2,556.50 in expenses of Crowe's law firm). *See* Motion at 4; *see generally* Objection.

The Motion accordingly is granted, and attorney fees and expenses in the amount of $67,872.50 are awarded to Crowe.[2]

*SO ORDERED.*

---

1. Although technically the attorney-fee question was not "tried" by express or implied consent, it certainly was litigated by express or implied consent, with counsel for both sides expressing an understanding that no trial of that issue would be necessary.

2. Crowe requests the right to seek supplementation of any attorney-fee award to reflect fees and costs incurred in collection of the underlying judgment as well as in the litigation of the instant

contested Motion. *See* Reply at 1 n. 1. No leave of court is required to file such a motion. If and when one is filed, I will consider it.

