**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| WYKEEMA GRIFFIN, | ) | |
| | ) | |
| Appellant/Plaintiff-Below, | ) | |
| | ) | |
| v. | ) | Case No. CPU4-20-000793 |
| | ) | |
| EDGAR RAMIREZ | ) | |
| d/b/a LATINOS AUTO REPAIR, | ) | |
| | ) | |
| Appellee/Defendant-Below. | ) | |

Submitted: October 26, 2020
Decided: November 18, 2020

Wykeema Griffin
220 City View Ave.
Wilmington, DE 19802
*Pro Se Appellant*

Edgar Ramirez
3310 Wrangle Hill Road
Suite 104
Bear, DE 19701
*Pro Se Appellee*

## ORDER

Pro se Appellant, Wykeema Griffin, brings this appeal from Justice of the Peace Court. The Justice of the Peace Court hearing was held on January 13, 2020 and judgment was entered on January 29, 2020. Appellant docketed this appeal with the Court of Common Pleas on February 14, 2020.

On September 9, 2020, Appellee requested a continuance of trial based upon a lack of discovery and his inability to afford a lawyer. On October 12, 2020, the Court held a hearing on Appellee's motion, during which time the Court raised the

issue of timeliness of the appeal.[1]  A review of the docket reflects that Appellant filed her appeal 16 days after the trial court entered its order, making her appeal untimely by one day.  At the hearing, the Appellant was not prepared to address the question of whether this Court has the authority to extend a jurisdictional filing deadline.  Therefore, the Appellant was given two weeks in which to submit briefing on the issue.

On October 15, 2020, Appellant submitted briefing in which she argues that because certain administrative milestones had occurred in her case (i.e. mediation and pre-trial conference), her appeal should be considered timely filed.  Pro se Appellee did not file a response.  In support of her argument, Appellant cited four federal cases, none of which warrant a deviation from the 15-day rule in this case. Most of the cases presented by Appellant focus on the "unique circumstances" doctrine, which provides an appellate court with an equitable basis to consider appeals that would otherwise be dismissed for being filed out of time.  The United States Supreme Court invalidated the "unique circumstances" doctrine in 2007 with its decision in *Bowles v. Russell*.  The *Bowles* Court made it "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," making the "unique circumstances" doctrine illegitimate.[2]

---

[1] The Court is aware of the unfortunate timing of this issue, as the matter had been pending for several months and trial in the matter had been scheduled to begin on October 27, 2020.

[2] *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

It is settled law in Delaware that the timely filing of an appeal is a jurisdictional necessity.[3] As such, if an appeal is untimely filed, then the Court lacks the authority to consider it. Pursuant to 10 *Del. C.* §9571, a party has 15 calendar days, starting the day after a judgment is ordered by the Justice of the Peace Court, to file an appeal to the Court of Common Pleas for a trial *de novo*. Based on a review of the record, the Appellant filed her appeal on February 14, 2020, one day past the deadline. The Court is sensitive to Appellant's argument, particularly as it relates to the advanced progression of her case. Nevertheless, the Court is bound by the jurisdictional constraints imposed by the statute. As Appellant's appeal was untimely filed, this Court does not have jurisdiction over the matter and it must be DISMISSED.

**IT IS SO ORDERED** this 18th day of November, 2020.

_____
Monica A. Horton
Judge

cc: Ms. Patricia Thomas, Civil Clerk

---

[3] *Greenwell v. State*, 220 WL 6041975 (Del. Oct. 12, 2020); *Scott v. Draper*, 371 A.2d 1073 (Del. 1977); *De Felice v. Nelson*, 2016 WL 615749 *1 (Del. Ct. Com. Pl. Feb. 1, 2016).